Malcolm Phillips, by his father and next friend, John S. Phillips, v. Duquesne Traction Company, Appellant.

183    255
19 SC 288

*Negligence—Street railways—Child of tender years—Contributory negligence.*

In an action against a street railway company by a boy nine years old to recover damages for personal injuries, the case is for the jury where the evidence for the plaintiff, although contradicted, tends to show that at the time of the accident plaintiff, riding upon a tricycle, attempted to cross the tracks at a point where there was no regular crossing; that he looked and saw one car pass, and then started to cross, but became bewildered when he saw the next car, and was struck before he could get off the track; that there were wagons either on the track or on the side of the road, and that the car which caused the accident was running at a very high rate of speed, with no gong rung and no guard on the front.

Argued Oct. 28, 1897. Appeal, No. 66, Oct. T., 1897, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1895, No. 509, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass by a boy nine years old for personal injuries. Before COLLIER, J.

The facts appear by the charge of the court, which was in part as follows:

Counsel for plaintiff alleges he has made out, for both the boy and the father, negligence on the part of the motorman. He says it consists in this, that the little fellow was on his tricycle, and got on the track coming towards town; that, although his aunt was on the same side of the street, and an asphaltum pavement of between eleven and twelve feet, he was on the track and wanted to cross, and that he was not at a regular crossing, but between crossings. It is alleged that as one car had passed he looked, and not observing anything he started across; that he then saw the car coming and, becoming bewildered, was run down, the boy thinks, about the distance of this room—that is, judging by the eye; I do not mean that is it exactly, it may be less or more. He says the car was coming at

a very great rate of speed, no gong rung and no guard on the front; that as he started across there were wagons either on the track or on the side of the road, and he became sort of bewildered, and while the car was going at a terrible rate of speed, as alleged, or a rapid rate of speed, without any gong being rung and without any protection in front of the car, it struck him and caused the injury. They allege if there had been a guard on the car he would not have received the injury.

That is the allegation in substance. It is not exact in every detail, but that is it in substance. If that is true, if the boy was trying to cross under these circumstances, if he looked and, the car not being near, he started across, and the car was coming at such a rapid speed that it gained on him, and, there being no bells rung to call his attention, and no guard on the car, he was struck, and that caused the injury, that would be negligence. On that branch of the case he would have a right to recover if you find that to be so. But that is not enough, he must go further than that. The little boy must show you he was not in any fault himself. If it were a man the rule in this case would be very plain. A man could not recover, and for this reason: if he chose to ride a bicycle on the track going down street, although looking and listening, and was struck by a street car, he could not possibly recover, because that is not the place he ought to be. It is only in attempting directly to cross, and then he must keep in the proper place. A man would only be held by the law of our state to be careless himself, because he knows well enough not to ride bicycles on the track where the cars are run, for they cannot go out of the iron track; they are bound to stay there, and we must keep out of it. But that does not apply to the boy—at least not so strong. The rule is as stated by the learned counsel. It is this: you are to judge a boy by his intelligence, knowledge and appearance, having him before you. Considering what he was doing and all the circumstances, you are to say whether that boy knew, had knowledge enough and prudence enough to know that if he undertook to cross that track under such circum·stances he might get hurt, or would get hurt. If he did not know that, then it would not be contributory negligence on his part. If, as has been stated to you, he acted with as much care and prudence, under the circumstances, as children of his own

age generally exercise, then he would not be chargeable with negligence. It is for you to say whether any boy of his age and intelligence, considering everything surrounding it, the car coming down there under such circumstances, would know that he was likely to get hurt. If so, he had no business to cross, and if the child gets hurt that is his own fault. Now you are to judge of that. If you think the boy, under all the circumstances, acted with such prudence as, under the circumstances, a reasonable boy ought to have used, and as boys of that age and that intelligence would use, then the second point would be made out in favor of the plaintiff. If you find negligence on the part of the defendant which caused the accident, and no fault on the part of the boy, then the plaintiff's case would be made out.

I am not going over the evidence. It has been thoroughly gone over by counsel, and it will not do any good to repeat it. I will now come to the defendant's side. The defendant denies that there was any negligence on the part of the motorman at all. The defendant alleges that the car was coming along this track, not going at a very rapid rate; that the motorman saw the boy running along this adjoining track, not on the asphaltum, but on the track; that he was ringing the bell, and just at a certain point the boy suddenly turned—and you know the short distance between the two tracks—from the track on this side to the track where the car was coming, he turned and ran right on the track, and was struck; that the car wheels did not run over him. They say he turned suddenly upon the track, as a child would run out before a man driving a buggy, and that the motorman reversed the power and did everything he possibly could. If you find that is the fact, or if the evidence makes you not clear that the plaintiff's case is true, then this poor little boy is not entitled to any money at your hands. That is the theory of the defendant, and if that was the fact it would not make any difference whether they were going fast or slow; the law would not make any difference whether there was a guard or not, if you ran right in front of the car you would be hurt anyway, and you could not recover.

It is said by the learned counsel for the plaintiff—and it is proper to comment on it—that he never heard of a motorman or an employee of a road, or anybody charged with negligence, that did not believe and did not testify that it was not his fault.

Well, I do not know whether that is correct or not, but if it is, it would apply just as well to the party who gets hurt, who is very apt to think that there was no fault on his part. You take it and weigh it all together. It is human nature, at any rate. But that is not the question. You must be satisfied that the defendant's negligence caused the injury to the plaintiff and that he was without fault himself.

Then, again, it is alleged by the defendant that the boy was negligent himself, that he was a careless boy, that he undertook to play there on his tricycle and run it on the tracks, and that if there were wagons there he could easily have gotten out. They allege that a smart boy like he is, running along there, would have intelligence enough and would know that it was a dangerous place he was in; that he was safe on the side where his aunt lived, but undertook for some reason to go across there, although knowing the danger. They claim that was negligence on his part, and that would be true if you find those facts; it would be a careless act, for which a boy who got hurt could not recover.

How you will decide those questions is for you, but you must find those facts in favor of the plaintiff to find a verdict for the boy. As to the father the rule is the same, but the evidence is different. The father lived in Allegheny, and if he had sent this little boy with another little boy, or by himself, and allowed him to go from Allegheny to Schenley Park through these streets, and the boy got hurt, he could not recover by any law in the world. If you and I would do a thing of that kind we know what the result would be; if anything happened we could not make them pay for it. But he did not do that. The father sent his son with the grandmother out to the aunt, and when they arrived there the child was allowed to go out and play, as other children play at his age. Here was a straight asphaltum pavement where the boys were accustomed to run their bicycles, and wagons and carriages to drive, and the boys were allowed to go there.

Verdict and judgment for plaintiff for $7,250. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*Wm. D. Evans*, with him *George C. Wilson*, for appellant.— Had the plaintiff in this case been an adult, and so the learned court below told the jury, and his injuries had been sustained under the circumstances detailed by plaintiff, there could not possibly have been a recovery, because of his own contributory negligence : Busby v. Traction Co., 126 Pa. 562 ; Thomas v. Pass. Ry. 132 Pa. 504 ; Carson v. Ry., 147 Pa. 224 ; Winter v. Ry., 153 Pa. 26 ; Ehrisman v. Ry. Co., 150 Pa. 180.

It has been held as matter of law that children as young as seven years of age even may be guilty of contributory negligence : Masser v. C. R. I. & P. Ry., 68 Iowa, 602 ; Messenger v. Dennie, 141 Mass. 335 ; Ecliff v. Wabash, St. Louis etc. Ry., 64 Mich. 196 ; Twist v. Winona & St. Peters R. R., 4 Railway and Corporation Law Journal, 516 ; Brown v. European and North American Ry. Co., 58 Me. 384 ; Wendell v. N. Y. Cent. & Hudson River R. R., 91 N. Y. 420 ; Moore v. Penna. R. R., 99 Pa. 301 ; Miller v. R. R., 6 Cent. Rep. 607 ; Fischer v. Ferry Co., 124 Pa. 154.

*D. F. Patterson*, with him *R. T. M. McCready*, for appellee, cited, Iaquinta v. Traction Co., 166 Pa. 63 ; Sandford v. Pass. Ry., 153 Pa. 300 ; P. R. R. v. Kelly, 31 Pa. 372 ; Kehler v. Schwenk, 144 Pa. 348 ; Taylor v. Canal Co. 113 Pa. 162 ; Wilson v. P. R. R., 132 Pa. 27 ; Davidson v. Ry., 171 Pa. 522 ; Davidson v. Ry. Co., 179 Pa. 227 ; Jackson v. Traction Co., 159 Pa. 399 ; McLaughlin v. Traction Co., 175 Pa. 565 ; Greenfield v. Ry. Co., 178 Pa. 194 ; Gray v. P. R. R., 172 Pa. 383.

PER CURIAM, November 8, 1897 :

The only error assigned here is the refusal of the court below to withdraw the case from the jury by charging, in the language of defendant's point, that " under all the evidence plaintiff cannot recover, and the verdict must be for the defendant." The only inquiry, therefore, is whether there was any evidence for the consideration of the jury on the questions of defendant company's negligence, and the alleged contributory negligence of the plaintiff.    A careful consideration of the testimony has satisfied us that there was, and that the court was clearly right in refusing the point and in submitting the case to the jury on those controlling questions of fact.    There is nothing in the case that requires further discussion.

Judgment affirmed.