William Satinsky and Sarah Satinsky, his wife, Appellants, v. The Mutual Brewing Company.

| 187 | 57 |
| 19 SC | 289 |

*Negligence—Infant—Driver of wagon—Province of court and jury.*

Where a child two years old was run over by a wagon in the street, between five and ten feet from the curb, and the evidence showed that when the child stepped from the curb into the street, the wagon was from twenty-five to thirty feet distant, the horses going at a slow trot, the question of the driver's negligence is for the jury.

Argued March 23, 1898. Appeal, No. 457, Jan. T., 1897, by plaintiffs, from order of C. P. No. 1, Phila. Co., Dec. T., 1896, No. 250, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Reversed.

Trespass for death of child two years old. Before BIDDLE, P. J.

The facts appear by the opinion of the Supreme Court.

The trial court entered a compulsory nonsuit, and refused to take it off.

*Error assigned* was refusal to take off nonsuit.

*J. M. Moyer*, for appellants, cited Lerch v. Bard, 153 Pa. 573; Hineman v. Matthews, 138 Pa. 204.

*Maurice W. Sloan*, for appellee, cited Chilton v. Central Traction Co., 152 Pa. 425; Funk v. Electric Traction Co., 175 Pa. 559.

OPINION BY MR. JUSTICE DEAN, July 21, 1898:

The plaintiffs alleged, that their child met its death by negligence of defendant, and brought suit for damages. They introduced evidence tending to establish these facts. Their home was

at 622 Pine street, Philadelphia, where, also, they kept a grocery store. On May 23, 1896, about eleven o'clock in the forenoon, the mother went to a neighbor's, leaving the child, about two years old, with the father in the grocery; the father, while delivering some goods across the street, put the child temporarily in the care of a woman in the back room of the house; from her, it escaped into the street, and before she could recover it, defendant's driver of a three-horse brewer's wagon ran over and killed it. There was evidence, that when the child stepped off the curb into the street the wagon was the breadth of two houses off, the horses going at a slow trot; the curb line was between five and ten feet from the point where the child was run over; it was first struck by the middle horse, knocked down, and while trying to crawl away, its head was crushed by the hind wheel of the wagon. The driver did not stop for twenty-five feet further, and only then, because called upon to stop by persons witnessing the accident.

The learned judge, being of opinion that no negligence on part of the driver had been proved, directed a nonsuit, and plaintiffs now appeal, assigning for error the ruling of the court.

Would the jury, from the evidence, have been warranted in finding negligence? The wagon must have been twenty-five to thirty feet distant when the child left the curb; what was his duty, as a driver in a much traveled street of a large city? Certainly, not alone to keep his team in the street, urge it to a faster gait, or check it if it went too fast or attempted to run away; it was also his duty to look out ahead of him for obstacles or persons in front, and avoid running over them. Could the ordinarily careful driver of such a wagon have seen a little child twenty-five feet off just about to get in front of his horses? It seems to us the jury might have answered, he could; if so, then he ought to have known the child might heedlessly get into danger, and it was his duty to stop, for no duty of care could be exacted from a child of these years. He was the only one who could exercise care. If, as one of the witnesses testified, he was not looking in front of him, then he ought to have been; if he was looking and saw the child, then he recklessly kept on, regardless of its, to him, known ignorance and helplessness. It is true that, if the evidence warranted appellee's theory and that alone, that the child rushed suddenly from the curb in

front of the horses, there was no negligence on part of the driver: Chilton v. Central Traction Co., 152 Pa. 425, and Funk v. Electric Traction Co., 175 Pa. 559. And it is possible that the jury, if they had been permitted to pass on the credibility of the witnesses, would have adopted that theory; but we cannot adopt it without at least disbelieving some of them. We are not called upon to consider that question; we think it is exclusively for the jury; therefore, the judgment is reversed, and a procedendo awarded.