## John S. Phillips *v.* The Duquesne Traction Company, Appellant.

*Evidence—Burden of proof of contributory negligence.*

The plaintiff in an accident case is not called upon to disprove negligence on his part by negative testimony in the first instance. If he establishes a case against the defendant without disclosing negligence on his own part he is entitled to go to the jury.

*Negligence—Parent and child—Parent's duty as to care—Question for jury.*

Where want of care on the part of the parent is manifest and indisputable the court should declare its presence and effect. Where the measure of care depends on varying circumstances the question is for the jury. The mere fact of incapacity of the child neither creates nor shields from liability. If there be negligence by the defendant and no negligence by the parent, want of discretion by the child is no defense.

Argued May 7, 1897. Appeal, No. 175, April T., 1897, by defendant, from judgment of C. P. No. 1, Allegheny County, Sept. T., 1894, No. 510, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Trespass by father to recover for expenditures on account of injuries to his nine year old boy and for loss of services during minority.   Before COLLIER, J.

It appears from the record that the action in this case was tried jointly with one brought for the boy for personal injuries. Judgment was entered on the verdict for plaintiff for $7,250, which was affirmed by the Supreme Court.   (See report of case, 183 Pa. 255, where the facts as they appear in the charge of the court are set out at large.)

In the present case verdict and judgment was entered for the plaintiff for $1,000.   Defendant appealed.

*Errors assigned* were (1) refusing to affirm defendant's first point, which point is as follows: "1. Under the evidence in this case, the plaintiff was guilty of negligence which contributed to the injuries sustained by his minor son, said plaintiff cannot, therefore, recover in this action, and the verdict must be for the defendant." (2) Refusal of binding instructions for defendant.

*Wm. D. Evans,* with him *Geo. C. Wilson,* for appellant.— When an action is brought by a father for an injury to his minor son it may be that the father should be treated as a concurrent wrongdoer.   He owes the child the duty of protecting him from danger, and if by the parent's own carelessness his neglect of the duty of protection he contributes to his own loss of the child's services, he may be said to be in pari delicto with a negligent defendant: Smith v. O'Connor, 48 Pa. 218; Glassey v. R. W. Co., 57 Pa. 172; Johnson v. Railway Co., 160 Pa. 647.

To suffer a child of tender years to wander on the street has a sense of permit, and if such permission or sufferance exist it is negligence per se.   If the case is barely such it is error to submit the question to the jury: R. R. Co. v. Long, 75 Pa. 257; Cauley v. Railway Co., 95 Pa. 398.

*D. F. Patterson,* with him *R. T. M. McCready,* for appellee. —So long as "boys will be boys," and the principal streets of our cities are used by traction companies for the purpose of affording rapid transit, the question raised by this appeal will be worthy of careful consideration.

The line of cases holding that parents have no right of action for the massacre of their children while trespassing upon the exclusive property of a railroad company, have no application to this case.

If citations of authorities were required to sustain the court below in submitting this case to the jury, we have the following: Penn. Co. v. Lewis, 79 Pa. 33; Iaquinta v. Traction Co., 166 Pa. 63; Harkins v. Traction Co., 173 Pa. 146; Evers v. Traction Co., 176 Pa. 376.

OPINION BY SMITH, J., July 29, 1898:

This action was brought by John S. Phillips, the father of Malcolm Phillips, to recover for expenditures on account of injuries to Malcolm and for the loss of his services during minority. It was tried with an action by Malcolm for personal injuries growing out of the same accident, and the jury returned verdicts for the plaintiffs in both cases. The boy's case was appealed to the Supreme Court, where the only error assigned was to the refusal to give binding instructions for the defendant. In a per curiam opinion, the Supreme Court said: " The only inquiry, therefore, is whether there is any evidence for the consideration of the jury on the questions of defendant company's negligence, and the alleged contributory negligence of the plaintiff. A careful consideration of the testimony has satisfied us that there was, and that the court was clearly right in refusing the point and in submitting the case to the jury on those controlling questions of fact." See Phillips v. Traction Co., 183 Pa. 255. Under this decision all inquiry as to the negligence of the defendant and of the boy, so far as these questions form integrant parts of this case, may be eliminated from the present discussion.

The first specification of error is to the refusal of the court to affirm a point that under all the evidence the plaintiff was guilty of negligence which contributed to the injuries sustained by his minor son and, therefore, he cannot recover. It must be conceded that where want of care on the part of a parent contributes to the injury of the child, the parent cannot recover damages growing out of such injury. His duty is to protect the child from danger, and the performance of this duty must be commensurate with the age and needs of the child. In this

connection the circumstances and conduct of both parent and child with reference to the accident are to be taken into consideration. Negligence in law is essentially a breach of duty, for the consequences of which the guilty person will be held liable to the party injured. Where his neglect brings loss to himself he cannot hold another liable, although negligence of the other contributes to the result. In such case he will not be compensated in any measure for his own concurrent default. Whether due care has been observed ordinarily depends on the circumstances, and involves questions of fact for the jury to pass upon. "When the duty is defined, a failure to perform it is of course negligence, and may be so declared by the court. But where the measure of duty is not unvarying, where a higher degree of care is demanded under some circumstances than under others, where both the duty and the extent of performance are to be ascertained as facts, a jury alone can determine what is negligence, and whether it has been proved : " McCully v. Clarke & Thaw, 40 Pa. 399. "When the determination of the issue depends only on the existence of certain facts, and these are not in question, the decision rests with the court. But when it depends not merely on the existence of facts, but on conclusions arising from them respecting which there is no fixed standard of judgment, it is for the jury, even when there is no dispute as to the facts. While facts may be admitted, the conclusions to be drawn from them may remain a matter of controversy. To justify a verdict by direction, two conditions must concur: (1) The controlling facts must be established beyond doubt; (2) their effect, in the conclusions to which they lead, must be so clear, and unquestionable that it may be judicially declared:" Menner v. D. & H. C. Co., 7 Pa. Superior Ct. 135.

There is no fixed standard of duty by which the liability of either party in the case before us is to be ascertained. The conduct of the father and all the attending circumstances are to be considered in determining whether he was negligent in the performance of his parental duty; and if so whether this contributed to the injury of the boy. The grandmother being in loco parentis, her charge of the boy was considered that of the father. Whether she had exercised due care was submitted to the jury as a question of fact, and the father's right to re-

cover was made to depend on the sufficiency of her care, his own discharge of duty and the conduct of the boy. It appears that on the day of the accident Malcolm was permitted to play with a boy of about the same age. Later the boys started out for a ride, Malcolm on a velocipede and his companion on a tricycle. They rode along Forbes avenue, which was paved with asphalt, until they met some wagons when Malcolm, in attempting to cross the railway track was run down by an electric car and injured. The condition of the street and of the car, the location of the track, the conduct of the boy and of the motorman, the speed of the car and the absence of warning, were described in detail by the witnesses. In charging the jury the learned trial judge explained the relative rights and duties of the father, the son, and the defendant. In the father's case the jury were directed to determine whether under the circumstances it was negligence to permit the boy to go upon the avenue unattended.

No complaint is made of the instruction given to the jury. It is not alleged that the charge contained anything erroneous. The exception is solely to the refusal to take the case from the jury and direct a verdict for the defendant. We are not prepared to say that this refusal was error. By statute bicycles and carriages drawn by horses are given the same rights on public highways. It is lawful to use a carriage on the highway for pleasure at any time : Piollet v. Simmers, 106 Pa. 95. On like principle, under the statute, it is lawful to ride a bicycle on the highway for pleasure. The law makes no distinction on account of age. On this point the capacity of the individual to observe due care may be brought in question; the ability, age, intelligence, judgment and conduct of minors may then become material. It is familiar law that "A boy's capacity is the measure of his responsibility." The law fixes no arbitrary period when the immunity of childhood ceases and the responsibilities of life begin. Under the age of fourteen the presumption of incapacity prevails. At fourteen a minor is presumed to be sensible of danger and to have the power to avoid it. While these presumptions are rules of law to be declared by the court, they are not conclusive, and may be overthrown by proof of the actual capacity of the infant in each case: Nagle v. Railroad Co., 88 Pa. 35; Strawbridge v. Brad-

ford, 128 Pa. 200.   These rules are more frequently applied in actions on behalf of infants, but they also indicate the conditions which must exist preliminarily to a recovery by parents. In addition thereto a parent cannot recover if it appears that his own negligence contributed to the injury.   Where want of care on the part of the parent is manifest and indisputable the court should declare its presence and effect.   Where the measure of care depends on varying circumstances the question is for the jury.   The mere fact of incapacity in the child neither creates nor shields from liability.   If there be negligence by the defendant and no negligence by the parent, want of discretion in the child is no defense: Johnson v. Railway Co., 160 Pa. 647.   In this case the boy was doing what was common for other boys of his age to do under like conditions.   Negligence and due care were the material questions, and these the jury have found in favor of the plaintiff.   The case presented questions of fact for their determination: Karahuta v. Traction Co., 6 Pa. Superior Ct. 319.

Here, as in other cases, the burden was on the plaintiff to prove the negligence of the defendant, while proof of the plaintiff's contributory negligence was cast upon the defendant. The plaintiff will not be called upon to disprove negligence on his part, by negative testimony, in the first instance.   If he establishes a case against the defendant without disclosing negligence on his own part, he is entitled to go to the jury. Notwithstanding the able and ingenious argument of appellant's counsel on this question, we see no reason for departing from the established rule of procedure.

What has been said sufficiently meets the objections raised by the specifications of error, they are overruled and the judgment is affirmed.