DOMINICO BUCCI, *pro ami.*, *vs.* THOMAS W. WATERMAN.

PROVIDENCE—APRIL 17, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Negligence. Duty to Trespasser.*

Declaration for negligence stated in one count that plaintiff, a child of six years of age, got upon a low gear driven by defendant's servant upon a highway; that the servant, in the course of his employment, undertook to eject plaintiff, but so carelessly ejected him as to cause him, while exercising due care, to fall in front of one of the wheels, which, passing over his body, severely injured him. On demurrer:—

*Held,* that the negligence of defendant's servant, by which plaintiff was injured, was not set out with sufficient definiteness. As it was the right of the driver to eject the plaintiff, no cause of action was stated without averring how he overstepped his right.

(2) *Negligence. Duty to Trespasser.*

A second count alleged that, in view of the extreme youth of plaintiff, it was the duty of defendant and his servant to use reasonable care, in removing plaintiff, to avoid causing injury and to give plaintiff an opportunity to get off without injury; but that the driver, while the team continued travelling, in a threatening manner ordered plaintiff to get off, and that plaintiff, in the exercise of due care, but through fear and the motion of the low gear, in trying to comply with the order was caused to fall to the ground and was injured, On demurrer:—

*Held,* that it was a question for the jury, on such state of facts, whether the driver was negligent or not.

TRESPASS ON THE CASE for negligence. Heard on demurrer to declaration, and demurrer sustained to first and overruled to second count.

DOUGLAS, J. The declaration is in two counts, to each of which the defendant demurs, on the grounds that the count does not set forth any duty from the defendant to the plaintiff which has been violated, that it does not appear by the count that the defendant has been guilty of negligence, that the count does not specify any acts of negligence sufficient to entitle plaintiff to recover.

(1) The substantial allegations of the first count are that the plaintiff, a child six years of age, got upon a low gear which

was being driven by defendant's servant upon a public highway; that the servant in the course of his employment undertook to eject the plaintiff from the low gear, but so carelessly and negligently ejected him as to cause him, while exercising due care, to fall in front of one of the wheels of the vehicle, whereupon said wheel passed over his body and severely and permanently injured him.

The second count, in addition to these allegations, alleges, "That in view of the extreme youth of plaintiff it was the duty of the defendant and of his said agent, in the event that they or either of them desired to remove the plaintiff from said low gear, to use reasonable care, in so doing, to avoid causing injury to plaintiff and to give plaintiff an opportunity to get off without injury; but said driver, while his team continued travelling, and without stopping, in a threatening manner ordered plaintiff to get off, thereby frightening and disconcerting plaintiff, and plaintiff, in fear, and using due care in the premises, tried to comply with said order, but by reason of the motion of the low gear and his fear, caused as aforesaid, and the negligence of the driver in ordering him off in the manner aforesaid, was caused to fall to the ground," etc., as in the first count.

We think the first count is defective in not setting out with sufficient definiteness the negligence of the defendant's servant by which the plaintiff was injured. "Ordinarily, unless the particular duty and its breach are set forth in the declaration no negligence appears." *Parker* v. *Prov. & Stonington S. Co.*, 17 R. I. 376. In this case it was the right of the driver to eject the plaintiff, and no cause of action is stated until it is averred how he overstepped his right.

(2)    The second count, we think, corrects this deficiency. It is the duty of the driver of such a vehicle, as the second count alleges, when he wishes to eject from his wagon an intruder six years old, to use reasonable care, in so doing, to avoid injury to the child and to give the child an opportunity to get off without injury; and the count states, in general terms, that the driver neglected that duty, in that, by an order to get off, given in a threatening manner while the low gear was

in motion, he frightened the child so as to disconcert him and cause him to fall while trying to get off. If this is true we think it is at least a question for the jury whether the driver was negligent or not.

The manner of the driver, his tone of voice, the rate of speed of the low gear, the position of the child upon it, and other circumstances which may be learned from witnesses cannot practically be set forth in a declaration, and hence are not necessary to its validity.

The principles on which the defendant's liability rests in cases of this character are well established. They appear in many cases where persons of various ages while stealing rides upon steam cars have been ordered off, and in obeying the orders have suffered injury.

In *Enright* v. *Pittsburg Junction R. R. Co.*, 198 Pa. St. 166, it is held that a child of ten years who, while trespassing on a freight train, is frightened by the shouts and threatening action of a brakeman while in the discharge of his duties, so that he jumps from the train while it is in rapid motion and is injured, may recover damages from the railroad company for the injuries sustained.

The court say, p. 170: "The boy was not injured by reason of the dangerous position in which he placed himself, but because of the careless and reckless act of the brakeman in causing him to alight while the train was in motion. The cause of the boy's injury, therefore, is directly attributable to the negligent act of the defendant's employee in frightening him so that he attempted to quit the train in the face of an imminent danger."

In *Arnold* v. *Penna. R. R. Co.*, 115 Pa. St. 140, it is said: "Even a trespasser cannot be ejected from a train without a reasonable regard for his safety."

The same doctrine is held in *Sioux City and Pacific R. R. Co.* v. *Stout*, 84 U. S. 657.

In *Benton* v. *C. R. I. & P. R. R. Co.*, 55 Ia. 496, a boy eleven years old entered an empty freight car to steal a ride. After the car started he was ordered out by the conductor, and in attempting to obey the order fell on the track and was

killed. It was held that the order given to a child of that age might have amounted to compulsion, and that it was for the jury to say whether it was so in fact.

In *Boggess* v. *Ches. & Ohio R'y Co.*, 37 W. Va. 297, the plaintiff jumped from a moving train after being ordered by the conductor to get off. It was held that the order, in the circumstances, amounted to force.

In *Kansas City, etc., R. R. Co.* v. *Kelly*, 36 Kan. 655, it was held that where a boy fifteen years old gets upon a freight train wrongfully and as a trespasser, for the purpose of riding without paying his fare, and is commanded by the brakeman to jump off the train while in dangerous motion in the night time, and, in obedience to that command and in fear of being thrown off, jumps off the train and is run over and injured, the company is liable.

To the same effect are: *Kline* v. *Central Pacific R. R. Co.*, 37 Cal. 400; *Clark* v. *N. Y., L. E. & W. R. R. Co.*, 40 Hun. (47 N. Y. S. C.) 605. *Ansteth* v. *Buffalo Ry. Co.*, 145 N. Y. 210, applies the same principles to the case of a boy ten years old who was frightened from the front step of a street car by an exclamation of the conductor.

It may be said that there is little similarity between a steam car, moving at ordinary speed, and a low gear as usually driven upon the street; but the injury alleged to have been suffered by the plaintiff by falling from the low gear is as great as might be caused by jumping from a railway train, and the same legal responsibilities attach to one who caused the injury in one case as in the other. It might be clearly negligence in the eye of the law to cause a person to jump from a train, and the question might be more doubtful in respect to the less dangerous agency; but this consideration only shifts the decision from the court to the jury, and we cannot say, as matter of law, that the facts set out in this count do not constitute negligence.

Demurrer to the first count sustained.

Demurrer to the second count overruled.

*Doran & Flanagan*, for plaintiff.

*Van Slyck & Mumford*, for defendant.