## Corpies *v.* Sand Company, Appellant.

*Negligence—Infant—Wagon—Identification of wagon—Contributory negligence of parent.*

In a negligence case, where the plaintiff has proved that the defendant operated upon the streets of a city, wagons of a particular kind, marked in a peculiar manner, and that such a wagon so marked was responsible for the accident, such proof is sufficient to sustain a finding by the jury, under proper instructions, that the wagon was the property of the defendant company.

Proof of ownership, under such circumstances, is sufficient to sustain an inference in favor of a third party that a person in charge of the property was the agent or servant of the owner.

In an action to recover damages for injuries to a child of tender age, the evidence showed that the horses and wagon which ran down the child were being driven at a slow walk in broad daylight, in front of the premises where the child lived with its parents; that the mother left the child in the house and stepped across the street, and the child came out of the house and attempted to follow her, and was knocked down and severely injured by the horses and wagon. *Held*, that the negligence of the defendant, and the contributory negligence of the mother, were questions for the jury.

Argued April 9, 1906. Appeals, Nos. 21 and 22, April T., 1906, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1903, No. 5, on verdict for plaintiffs in case of Mary Corpies, by her father and next friend, Ignetz Corpies, in right of said Mary, and Ignetz Corpies in his own right v. Iron City Sand Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON and HEAD, JJ. Affirmed.

Trespass to recover damages for injuries to a child. Before EVANS, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for Mary Corpies for $500 and for Ignetz Corpies for $152. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Stephen Stone,* of *Stone & Stone,* for appellant.—The facts as they are set forth, do not show any negligence, direct or implied, by any agent of the Iron City Sand Company, or by the driver

of the wagon in question: Philadelphia & Reading R. R. Co. v. Hummell, 44 Pa. 375; Brown v. Schellenberg, 19 Pa. Superior Ct. 286; Funk v. Electric Traction Co., 175 Pa. 559; Chilton v. Central Traction Co., 152 Pa. 425; Miller v. Traction Co., 198 Pa. 639; Kay v. Penna. R. R. Co., 65 Pa. 269.

It is submitted that when the mother left the child unprotected in the house, left the doors open in such a manner that the child had free access to the street, and wandered out and was injured, that even if the child be permitted to recover by reason of the law refusing to allow the child to be charged with contributory negligence,—the father as appellee cannot recover, by reason of his own negligence: Johnson v. Reading City Pass. Ry. Co., 160 Pa. 647; Westerberg v. R. R. Co., 142 Pa. 471; Glassey v. Hestonville, etc., Pass. Ry. Co., 57 Pa. 172.

*Joseph Howley*, with him *W. A. Hudson*, for appellee, cited as to the identification of the wagon: Hershinger v. Penna. R. R. Co., 25 Pa. Superior Ct. 147; McCoun v. N. Y. Central, etc., R. R. Co., 66 Barb. 338; Norris v. Kohler, 41 N. Y. 42; Edgeworth v. Wood, 58 N. J. Law, 463; 33 Atl. Repr. 940; Connor v. Pennsylvania Railroad Company, 24 Pa. Superior Ct. 241.

Cited on the question of negligence: Brown v. Schellenberg, 19 Pa. Superior Ct. 286; Satinsky v. Mutual Brewing Co., 187 Pa. 57.

Cited as to the contributory negligence of parents: Del Rossi v. Cooney, 208 Pa. 233; Addis v. Hess, 29 Pa. Superior Ct. 505.

OPINION BY MORRISON, J., May 14, 1906:

In this action of trespass, founded on the alleged negligence of the defendant, there was a verdict and judgment in favor of Mary Corpies for the sum of $500, and also a verdict and judgment in favor of Ignetz Corpies, the father of Mary, for the sum of $152, and from these judgments the defendant appealed.

The learned counsel for the appellant relies on a single assignment of error, to wit: " The court below erred in refusing to affirm the first point submitted by the defendant, which

point and the answer of the court thereto, is as follows: First: Under all the evidence, the verdict must be for the defendant. *Answer:* Refused."

The learned counsel further states that the discussion under this assignment of error will be made under three points, to wit:

1. "The Iron City Sand Company did not own the wagon nor the horses which caused the injury to the child, and the driver thereof was not in the employ of the Iron City Sand Company."

2. "There was no proof of negligence on the part of the Iron City Sand Company in the case."

3. "The parents in no event should be permitted to recover, on account of their gross negligence."

If, under the evidence, the fact as assumed in the first proposition could be found in favor of the appellant, it would require a reversal of the judgments. But a careful examination of the evidence convinces us that the testimony of at least two witnesses was quite sufficient to carry the question of the ownership of the wagon and horses which caused the injury, to the jury. It seems to us that the evidence of Mr. Wells and Mrs. Ware was sufficient to bring the case within the rule of the late case of Hennessey v. Baugh & Sons Co., 29 Pa. Superior Ct. 310. The syllabus of that case is a fair index of the decision upon the question of the identity of a wagon and horses, and the inference to be drawn that the person in charge of the same was the agent or servant of the owner: "In a negligence case where the plaintiff has proved that the defendant operated upon the streets of a city, wagons of a particular kind, marked in a peculiar manner, and that such a wagon so marked was responsible for the accident, such proof is sufficient to sustain a finding by the jury, under proper instructions, that the wagon was the property of the defendant company."

"Proof of ownership, under such circumstances, is sufficient to sustain an inference in favor of a third party that a person in charge of the property was the agent or servant of the owner." See also the several cases cited in that opinion.

Under these authorities, we are fully warranted in holding that the learned court did not err in submitting the questions

raised under the first proposition to the jury, and the verdict is conclusive that the jury found both of these questions against the defendant.

As to the second proposition that there was no proof of negligence on the part of the appellant, we are compelled also to disagree with the contention on the part of the appellant. The evidence establishes the fact that the horses and wagon were being driven at a slow walk, in broad daylight, in front of the premises where the injured child resided with its parents; that the mother left the little child in the house and stepped across the street, and the child came out of the house and attempted to follow her and was knocked down and severely injured by the horses and wagon. In our opinion, it cannot be said, as a matter of law, that there was no proof of negligence on the part of the driver of the appellant's team. It is hardly conceivable that a man driving a team at a slow walk, in the middle of a street, in a populous city, could run over a little child, if he had been using such care as the law required in the circumstances described in the evidence. We think, under all of the evidence, it was for the jury to determine whether or not the driver was negligent. It is argued that if the child rushed suddenly from the curb, in front of or against the horses or wagon, and was injured, no negligence could be imputed to the driver. This is undoubtedly true, but whether or not the accident was caused in this manner was not a conceded fact.

The learned counsel cites Brown v. Schellenberg, 19 Pa. Superior Ct. 286, but that case sustained the court below in submitting the case to the jury where a child seven years old was injured in a manner somewhat similar to the accident in the present one.

Funk v. Electric Traction Co., 175 Pa. 559, is also cited, but that was a case of a boy, thirteen years of age, running directly in front of a rapidly moving electric car, which was in plain sight of the boy, and we do not think the facts and decision pertinent to the present case.

Chilton v. Central Traction Co., 152 Pa. 425, is also cited, but that is another case where a child, without warning, ran from the pavement in front of a moving traction car. This we consider very different from a child being driven over by a slow walking team of horses.

Miller v. Union Traction Co., 198 Pa. 639, another case cited by appellant, is where a boy, eleven years old, suddenly left the sidewalk and ran against a moving street car.

Johnson et ux. v. Railway Company, 160 Pa. 647, cited by appellant, is another case where a child, twenty months old, was run over by a street car. In that case the mother stood in the front door and permitted the child to pass out through that door and across the intervening sidewalk and street, a distance of about twenty-eight feet, where, in immediate view of the mother, it was killed and a recovery was denied on the ground of her contributory negligence. But the facts in that case materially differ from the one under consideration.

Westerberg et al. v. Kinzua, etc., R. R. Co. 142 Pa. 471, cited by appellant, was a case where the injured children were using the railroad track for a footwalk and there was evidence that they were in the habit of so using this track, with the knowledge of their parents, and the suit was in favor of the parents.

We are also referred to Glassey v. Hestonville, etc., Passenger Ry. Co., 57 Pa. 172. But that was a case where the child was permitted by its parents to run at large in the streets, and we do not think it rules the present one. We are clearly of the opinion that there was sufficient evidence of negligence on the part of the appellant to carry that question to the jury.

The third proposition is that the parents cannot recover on account of their gross negligence. In this we are not able to agree with the counsel for the appellant. It is evident that the father left the child in the care of its mother and there is no evidence that she knowingly or carelessly permitted the child to run in the street, but, on the contrary, she left the child in the house, apparently for a very short time, and we are not permitted to say, as a matter of law, that because this child escaped from the house, into the street, and was almost instantly knocked down and injured by the appellant's driver, that the father is precluded from recovery on the ground of contributory negligence. In our opinion the question of contributory negligence was for the jury. It will not do to say, as a fixed rule of law, that a woman having her household duties to look after, and the care of a child, and no servant or assistant, is

guilty of contributory negligence because she fails to keep the child constantly within her view. If the mother left the child playing in the house, for a few minutes, it is not a certain legal inference that she ought to have anticipated the result which followed.

The learned counsel takes no exception to the rulings on evidence nor to the charge of the court, and we may say in passing, that the charge is adequate and impartial, and the jury having found all of the material questions against the defendant, we do not feel warranted in disturbing the judgments.

The assignment of error is dismissed and the judgments are affirmed.