### PENNSYLVANIA R. CO. v. GLAS.

(Circuit Court of Appeals, Third Circuit. January 4, 1917. Rehearing Denied February 17, 1917.)

#### No. 2171.

1. APPEAL AND ERROR &sim;909(1)—PRESUMPTIONS—MATTERS NOT IN RECORD.
Where the position of an old crack in a railroad truck, the breaking of which derailed the train and killed a brakeman, was indicated to the jury by a witness, and the record does not show whether the crack was where it could be seen or not, but does show that there was something before the jury, with respect to its location, not in the record, it will be presumed that such matter, not in the record, was sufficient to support the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3675; Dec. Dig. &sim;909(1).]

2. TRIAL &sim;296(3)—INJURIES TO SERVANT—INSTRUCTIONS—NEGLIGENCE.
Where the court began its charge with a clear statement that the action was based on negligence, and that plaintiff could not recover unless he showed negligence which was the proximate cause of the injury, that the action was brought under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1913, §§ 8657–8665]), which gave an action for injuries resulting from the negligence of the officers or employés of the carrier, or by reason of any defect due to its negligence in its cars, a sentence following thereafter, that to entitle plaintiff to recover the jury must find negligence on the part of the defendant, either negligence on the part of its officers or employés in the operation of the train, or some defect in the cars, manifestly meant that there must be found either negligence of employés or negligence resulting in a defect in the car, and therefore was not misleading, as permitting a recovery for the death of a brakeman caused by a defect in the car not due to negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 709; Dec. Dig. &sim; 296(3).]

3. TRIAL &sim;234(7)—INJURIES TO SERVANT—CHARGE—PRESUMPTION OF NEGLIGENCE.
Where the attorney for plaintiff in an action for the death of a railroad brakeman had argued to the jury on the presumption of negligence aris-

---

ing in the case between the carrier and the passenger from a derailment of the train, a portion of the charge stating that this was not a case where plaintiff's case rested exclusively on such a presumption, that the plaintiff did not ask that the presumption exactly be raised in his favor, but undertook to furnish testimony from which he asked the jury to infer that as a matter of fact there was negligence, was not erroneous, as misleading the jury to believe that the case might rest partially on the presumption, the first part referring to the argument of the attorney and being held surplusage, and the latter part, though not clear in the expression "exactly raised," being clear that testimony was submitted from which the jury was asked to infer negligence as a matter of fact.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 537; Dec. Dig. ☞ 234(7).]

4. TRIAL ☞252(11)—INJURIES TO SERVANT—CHARGE—APPLICABILITY TO EVIDENCE.

In an action for the death of a brakeman, caused by the derailing of a train on which he was riding, evidence that the arch-bar on a truck which broke had a crack large enough to weaken it, that the condition of the crack indicated that it had existed three or four weeks, and that the position of the crack on the bar was shown to the jury, so that they could determine whether it could have been discovered by proper inspection, was sufficient to warrant a charge submitting the issue whether reasonable inspection of the cars would have discovered the defect in the arch-bar and whether defendant was negligent in that respect.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 603; Dec. Dig. ☞ 252(11).]

In Error to the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

Action by Stella Glas, administratrix of the estate of Clarence Glas, deceased, against the Pennsylvania Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

John Heron, of Pittsburgh, Pa., for plaintiff in error.
D. F. Anderson, of Youngstown, Ohio, for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. This is an action under the Employers' Liability Act of April 22, 1908, c. 149, 35 Stat. 65, against the defendant railroad company for negligently causing the death of the plaintiff's intestate. The verdict was for the plaintiff, and on judgment the defendant brought this writ of error.

The plaintiff charged the defendant with negligence, (1) in permitting the derailment of a train, (2) in operating a car with a truck in a defective condition, and (3) in failing to inspect the arch-bar of the truck. Being without evidence upon the matter of inspection, and failing to induce the court in this case between master and servant to charge the presumption of negligence arising from the fact of derailment as in a case between passenger and carrier, the case was mainly tried and submitted upon the remaining allegation of the defendant's negligence in operating a car with a defective truck after it had time and opportunity to learn of it.

It was conceded that the intestate was injured while a brakeman on one of the defendant's freight trains; that at the time of his injury he was employed in interstate commerce; and that his death was caused by the derailment of a portion of the train upon which he was riding. The evidence tended to show that the derailment was due to the breaking of an arch-bar of one of the trucks; that the arch-bar was defective; that the defect had existed for a long time and should have been known to the defendant; and that its negligence in operating a car with such defective arch-bar was the proximate cause of the injury.

[1] An arch-bar is a steel bar or truss several feet long, about five inches wide and one inch thick. It is connected with the truck and supports the car. A broken arch-bar, alleged to be the one that caused the derailment, was found after the accident. It was discovered, that at the point at which it broke, there was an old break or crack, extending across its entire breadth and one-half of its depth, showing by its rusted condition that it had been there three or four weeks. It does not appear in the record whether the crack was on the outside or the inside of the arch-bar when in position upon the truck, and therefore, the record does not show whether, upon inspection, it could be seen. The arch-bar, however, was described to the jury and the position of the crack was indicated to them by the witness who discovered it. In the course of his testimony, he said:

"Right where it came up like this (indicating), and then it went out over the box; it was cracked right in the end *there*, in the short bend."

Just how much was before the jury that is not before us with respect to the exposed or hidden location of the break, the record leaves in doubt, but that there was something before the jury that is not before us, there is no doubt. We must therefore assume, that the matter indicated to the jury, though not disclosed by the record, was such as to support the verdict. Wagner v. Standard Sanitary Mfg. Co., 244 Pa. 310, 91 Atl. 353.

Although the assignments of error are addressed solely to the charge, the plaintiff in error urges as error the refusal of its motion for a directed verdict. Such a motion was made and refused, but to the court's action neither exception was noted nor error assigned. We are therefore not inclined to review the matter except as it incidentally arises in connection with one of the assignments specifying error in the charge.

While of course the question raised by the assignments of error is primarily whether the court erred in what was said to the jury upon the law, the real question arising out of this peculiar record, is not so much whether the law was erroneously stated, as it is whether from the law as stated, though correctly stated, the jury nevertheless drew an erroneous impression.

The assignments of error are directed to isolated passages in the charge, some of which, when standing alone, appear to be erroneous, but when read with the context and considered with reference to what transpired at the trial, are not, in our opinion, affected by error.

[2] The first error assigned is to that part of the charge in which the court said:

"Now then, you must find, in order that the plaintiff should recover, that there was negligence on the part of the defendant company, either negligence on the part of its servants or employees in the operation of the train, *or some defect in the cars, rails or appliances connected with the transportation of the train which resulted in the accident and death.*"

It is the last phrase of this sentence that is specified as error. If separated from the rest of the charge and permitted to stand by itself, then certainly it is an erroneous statement of the law, for the defendant railroad company was not liable to the plaintiff's intestate for a defect in the cars, *unless* that defect was due to its negligence. But what was said in the rest of the charge? The court began with a very clear statement of the law by saying:

This is "an action of trespass. An action of trespass is based on negligence and *negligence alone*, and in order for the plaintiff to recover *it is the duty of the plaintiff to show* that two elements exist and co-exist; that is, *that the defendant company was negligent* and that *the injury complained of resulted from that negligence*, because there may be negligence without injury, and, on the other hand, there may be injury that was not caused by negligence. So that *these two elements of negligence and the injury* as the proximate resulting cause from the negligence *must exist together* in order to entitle the plaintiff to recover."

The court then stated that the action was brought under the Federal Employers' Liability Act, giving the substance of the act and showing in the language of the act that an action is afforded for "injury or death resulting in whole or in part from the *negligence* of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, *due to its negligence in its cars*," engines, etc. The court then reviewed the testimony upon which the plaintiff's negligence was based, and continued with the offending paragraph:

"Now then you must find, in order that the plaintiff should recover, that *there was negligence* on the part of the defendant company, *either* negligence on the part of its servants or employees in the operation of the train, *or* some defect in the cars, rails or appliances connected with the transportation of the train which resulted in the accident or death,"

manifestly meaning, if not clearly saying, that the jury must find that there was negligence on the part of the defendant company, that is, "*either* negligence on the part of its servants or employees in the operation of the train, *or* (negligence in relation to) some defect in the cars, rails or appliances," as previously stated in the words of the act. Considering this expression in connection with the preceding instruction upon negligence as the ground of the plaintiff's action and the plaintiff's duty to prove it, and also in connection with the precision and particularity with which the court subsequently submitted the question of negligence to the jury, we are of opinion, after an adequate examination of the testimony and the charge, that this phrase cannot be construed alone, and when construed with the context, does not constitute an erroneous statement of the law, or such a statement of the law, though inaptly expressed, as would mislead the jury.

[3] The second assignment of error likewise refers to selected sentences of the charge. These sentences are as follows:

*"This is not a case where the plaintiff's case rests exclusively on the presumption that might arise from the mere fact that a train of loaded cars was derailed.* There might arise a presumption under the Act of Congress that the defendant was negligent, and thus shift upon the defendant the burden of disproving negligence and showing that as a matter of fact at the time of the accident, the defendant was exercising ordinary care or such a high degree of care as was necessary in order to protect the train. The plaintiff does not ask that that assumption *exactly* be raised in its favor, but *undertakes to furnish certain testimony* from which they ask to infer that, *as a matter of fact* there was negligence as shown in the testimony adduced, and *that* I submit to you as a question of fact."

The defendant urges that the expression, "This is not a case where the plaintiff's case rests *exclusively* on the presumption that might arise from the mere fact that a train of loaded cars was derailed," led the jury to believe that while the case does not rest *exclusively* on the presumption arising from derailment, yet it rests *partially* upon such a presumption, and maintains that as this is a case between master and servant and not between passenger and carrier, no such presumption exists in any degree, and therefore there is error in the instruction. Such an interpretation might readily be put upon the expression, if no reason for its presence were known beyond what is disclosed by its words, but the fact is that just preceding the charge, counsel for the plaintiff had made an elaborate argument in an endeavor to raise in this case between master and servant the presumption or an approach to the presumption of negligence arising from a derailment in a case between passenger and carrier. That law was evidently denied the plaintiff, and in the course of his charge the trial judge, having the argument in mind, excluded it from the case by saying:

"This is not a case where the plaintiff's case rests exclusively on the presumption that might arise from the mere fact that a train of loaded cars was derailed,"

clearly meaning that this is not a case that rests upon such a presumption as had just been argued, and such as prevails in a case between passenger and carrier. After saying that this is *not* such a case in which the plaintiff might rely exclusively upon such a presumption, the trial judge proceeded to tell the jury what then the plaintiff must rely upon, by saying:

"The plaintiff does not ask that that presumption *exactly* be raised in its favor, but undertakes to furnish certain testimony from which they ask you to infer that, as a matter of fact, there was negligence as shown by the testimony adduced."

Just what the learned judge meant by saying that the plaintiff does not ask that that presumption *exactly* be raised in its favor, we do not know, and it is fair to say that the jury did not know, and, not knowing, we may assume they were not misled. But we know that in the same sentence the judge left no doubt as to what he submitted to the jury, namely "certain testimony" from which the jury were allowed to infer as a matter of fact that there was negligence. He then cautioned the jury that unless they found negligence on the part of the defendant and that the derailment of the train causing the death was due to that negligence, the plaintiff could not recover, concluding with the

customary instructions with respect to burden of proof, preponderance of evidence and proximate cause. We are of opinion, that of these two isolated phrases, one was surplusage, and the other was inaptly expressed, and·that neither conveyed to the jury an erroneous impression of the law.

[4] The remaining part of the charge excepted to is that in which the court, referring to the evidence of the position, size and duration of the break in the arch-bar, submitted to the jury the question "whether or not reasonable inspection of the cars and the means of transportation would have discovered such defect, and whether or not, if that condition existed, not having discovered it and not having remedied it, you would say that the defendant was negligent in that respect."

The complaint of the defendant is that there was no testimony upon which that instruction could be based, and that, therefore, the court erred in giving the instruction and in not withdrawing the case from the jury, upon authority of Pennsylvania R. R. Co. v. Knox, 218 Fed. 748, 134 C. C. A. 426. The very substantial difference in point of fact between the case cited and the case at bar is, that in the former, though the alleged defect was similarly an old crack at the point at which a break occurred in an appliance, there was no evidence that the crack constituted a defect contributing to the accident, that it was large enough to be discovered by inspection, or that it was old enough to have afforded an opportunity of discovery, that is, there was no evidence of negligence; while in the case before us, there was evidence of the size of the crack, from which the jury might find a defect that weakened the arch-bar; a condition of the crack indicating that it had existed for three or four weeks, a sufficient time for discovery; the position of the crack upon the arch-bar indicated to the jury, from which they might determine the opportunity and therefore the duty of the Railroad Company to learn of the defect during the time afforded. As negligence of this character was charged in the pleadings and as there was sufficient evidence, if believed by the jury, from which negligence of this character might be found, we are of opinion that the instruction was not error.

After a very careful examination of the entire charge, we find nothing in it giving rise to a clear conviction on our part that error was committed, nor are we at all convinced that from certain of its doubtful expressions erroneous impressions of the law were conveyed to the jury.

The judgment below is affirmed.