FELL BREWING CO. v. ADAMO et ux.

(Circuit Court of Appeals, Third Circuit.　November 28, 1917.)

No. 2306.

1. APPEAL AND ERROR ☞1002—REVIEW—VERDICT.

　　A verdict on conflicting evidence is conclusive on appeal.

2. APPEAL AND ERROR ☞909(1)—REVIEW—FINDING.

　　In an action against a brewing company for the death of a small child, run over by the rear wheel of its wagon when he fell from a step between the front and rear wheels, the question whether the driver's motion directing the child to get off was so threatening as to amount to negligence must, where the only witness as to the accident, save the driver, illustrated the same, be, on appeal, treated as a jury question; it having been so treated below.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Chas. B. Witmer, Judge.

Action by Antonio Adamo and wife against the Fell Brewing Company. From a judgment for plaintiffs, defendant brings error. Affirmed.

Robert W. Archbald, of Scranton, Pa., and J. E. Brennan, of Carbondale, Pa., for plaintiff in error.

John Memolo and David J. Reedy, both of Scranton, Pa., for defendants in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. In this action the plaintiffs, who are alien subjects of the king of Italy, recovered damages from a Pennsylvania corporation for the death of their son, a child four years old. At the trial, testimony was offered that tended to prove the following facts:

About half past one o'clock on September 11, 1914, the wagon, a heavy vehicle loaded with 75 cases of bottled beer and driven by a man named Corby, was proceeding slowly in a southerly direction along one of the streets in Carbondale, and the boy was on the sidewalk not far from the wagon; he may have been observed by Corby, but in any event he followed the wagon along the sidewalk for a short distance, and then ran out into the roadway; Nelson, the driver of a farm wagon a few feet in the rear, called to the child to "look out"; but the child either did not hear or did not heed the warning, and continued to run toward the company's wagon, and finally mounted a step or bar between the front and the hind wheels; while he was on the step, Nelson called to Corby, "Look out, there is a boy trying to get on your wagon," whereupon Corby turned and looked at the boy, making a gesture of some kind with his hand, but did not stop; the boy immediately fell off the step and was run over by the hind wheel, sustaining injuries from which he died almost at once; the wagon went forward perhaps 50 feet after Corby received Nelson's warning and saw the child on the step.

[1] Nelson was the only witness to the accident, and every important item of his testimony was denied by Corby, who declared that he did not see the child until after the injury, and that he heard no warning and made no gesture. But the jury accepted Nelson's account, and the verdict, if supported by submissible evidence, is conclusive on appeal.

[2] Only one point is in dispute: Was the judge warranted in allowing the jury to find that Corby's gesture was so threatening in character as to amount to negligence, considering the age of the child and the other circumstances? Barre v. Reading, etc., Ry., 155 Pa. 170, 26 Atl. 99; Satinsky v. Brewing Co., 187 Pa. 57, 40 Atl. 821; Brennan v. Merchant & Co., 205 Pa. 258, 54 Atl. 891; Hyman v. Tilton, 208 Pa. 641, 57 Atl. 1124; McCabe v. Kain, 250 Pa. 444, 95 Atl. 574; Di Meglio v. Railway, 249 Pa. 319, 94 Atl. 1095; Bucci v. Waterman, 25 R. I. 125, 54 Atl. 1059. The case lies within a narrow compass and is undoubtedly close, but the company has not convinced us that the trial judge was mistaken. When Nelson testified concerning Corby's gesture, he illustrated by appropriate action; and this, of course, was seen by the jury, although it could not be reproduced on the notes. We cannot know, therefore, what degree of threat or violence may have been indicated, and in the absence of this essential information we cannot decide that the gesture was not negligent in character. In Pa. R. R. v. Glas, 239 Fed. 258 (152 C. C. A. 244) we considered a similar question. There it was important to determine the position of a break or crack in an arch bar on a railway truck, and the printed record left the fact in doubt. But a witness had pointed out the position to the jury, and in the court's opinion Judge Woolley said:

"It does not appear in the record whether the crack was on the outside or the inside of the arch bar when in position upon the truck, and therefore the record does not show whether, upon inspection, it could be seen. The arch bar, however, was described to the jury, and the position of the crack was indicated to them by the witness who discovered it. In the course of his testimony, he said:

" 'Right where it came up like this (indicating), and then it went out over the box; it was cracked right in the end there, in the short bend.'

"Just how much was before the jury that is not before us with respect to the exposed or hidden location of the break, the record leaves in doubt, but that there was something before the jury that is not before us, there is no doubt. We must therefore assume, that the matter indicated to the jury, though not disclosed by the record, was such as to support the verdict. Wagner v. Standard Sanitary Mfg. Co., 244 Pa. 310, 91 Atl. 353."

These remarks are relevant in the present case, and support the conclusion we have reached.

The judgment is affirmed.