## Chilton v. Central Traction Co., Appellant.

[Marked to be reported.]

*Negligence—Contributory negligence—Street railways—Infant.*

While contributory negligence cannot be imputed to a child five and one half years old, where such child unexpectedly and without warning runs from the pavement against a moving traction car, such fact is not evidence of negligence on the part of the railway company so as to render them liable.

Plaintiff, a child about five and one half years old, was injured by a cable car on Wylie street in Pittsburgh, about ten or twelve feet above Fulton street. Plaintiff's elder brother, a boy about sixteen years old, had a little stand on Wylie street, where he was selling lemonade. Plaintiff wanted some lemonade and his brother would not give it to him. Plaintiff went into the street, picked up a stone, and went back to the pavement. He then threw the stone at his brother, and thinking that his brother was coming to catch him " wheeled and run kind of cross-way on the track." He ran into the front end or side of the car. The car had stopped at the lower side of Fulton street, had started at first slowly, and then at the speed of the cable up the grade, which was quite steep at this place. *Held*, that plaintiff was not entitled to recover.

Argued Oct. 28, 1892. Appeal, No. 82, Oct. T., 1892, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1891, No. 719, on verdict for plaintiff, James B. Chilton, by his next friend, John B. Chilton. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass for personal injuries.

The facts appear by the opinion of the Supreme Court.

Defendant presented this point:

" 3. There is no evidence of any negligence on the part of the

defendant company in this case, and therefore the verdict should be for defendant." Refused. [3]

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Error assigned*, inter alia, was (3) instruction, quoting it.

*Edwin W. Smith, Knox & Reed* with him, for appellant.— Where a child is injured by a street car by a sudden and unexpected act of the child, and it is impossible for the company's servants to avoid the accident, the company is not liable: Hestonville Pass. Ry. v. Connell, 88 Pa. 520; B. & O. R. R. v. Schwindling, 101 Pa. 258; Kay v. P. R. R., 65 Pa. 276; P. & R. R. R. v. Spearen, 47 Pa. 300.

There was no evidence of negligence and the case should have been taken from the jury: Traction Co. v. Bernheimer, 125 Pa. 615.

No paper book was filed contra.

OPINION BY MR. CHIEF JUSTICE PAXSON, January 3, 1893 :

James B. Chilton, the child for whose injury this suit was brought, was about five and a half years old at the time of the injury. Hence, we cannot impute contributory negligence to him, although it is clear that an adult could not recover under such circumstances. The facts of the case are briefly, and we believe fairly stated, in appellant's history of the case, as follows : The accident happened on Wylie avenue, in the city of Pittsburgh, a little above Fulton street, which crosses Wylie. The plaintiff's elder brother, William Chilton, a boy about sixteen years of age, had a little stand on Wylie street, where he was selling lemonade. James, the younger brother, wanted some lemonade, and the older would not give it to him. James went out into the street, picked up a stone and then went back to the pavement. The lemonade stand was up against the house. James threw the stone at his brother, William, and thinking that William was coming to catch him, " wheeled and run kind of cross-way on the track." He ran into the front end or side of the car. The car had stopped at the lower side of Fulton street, the usual place to let a passenger off ; had started at first slowly, and then at the speed of the cable up the grade, which is quite steep at this place. The boy was struck about ten or twelve feet above Fulton street.

This is substantially the version of the case as given by the plaintiff's own witnesses.

William Huber, the gripman, called by the defendant company, testified as follows: " When I first noticed him (plaintiff) was when I was going up over Fulton street; I noticed him picking up a stone; then I hadn't put on my lever far enough to get full speed, because I had my eye on the boy, and then after he stopped I got on my grip again, and then, of course, I started up and then he ran out, and as he ran, he ran up against the car and he was struck." This testimony was not essentially contradicted. Indeed, there was no serious dispute about the facts. We have then the case of a boy who unexpectedly, and without any warning, runs from the pavement against a moving car passing at the time. The gripman saw the child plainly on the pavement before he put on his grip to go ahead fast. The child turned immediately and ran out into the street, and, for anything that appears, before the car could be stopped, the accident occurred.

The defendant's third point called upon the court below to instruct the jury that there was no evidence of negligence on the part of the defendant company. This point should have been affirmed. It is grave error to submit the question of negligence to the jury, when there is no evidence of it.

As the case stood the defendant was entitled to a binding instruction in its favor.

The judgment is reversed.