See, also, the following cases.

## Schnur v. Citizens' Traction Co., Appellant.

*Negligence—Street railways—Cable car—Infant.*

In an action to recover damages for the death of a boy six years old
who was run over by a cable car, it is proper to submit the case to the
jury where there is evidence that at the time of the accident the gripman
was standing on the side of the cab with one hand out of the window, and
looking towards the houses he was passing; that he did not have hold of
his grip or brake; and that when hallooed to by persons who saw the child
on the track when the car was two and one half lengths away, he paid no
attention to the warning.

*Duty of gripman of cable car.*

The gripman of a cable car should always be on the alert to avoid
danger, and his attention should never be diverted from his duties.   He
should keep his eye constantly on the track before him, and under no cir-
cumstances should any one be allowed to ride with him in the cab.

    Argued Nov. 1, 1892.   Appeal, No. 151, Oct. T., 1892, by
defendant, from judgment of C. P. No. 1, Allegheny Co., June
T., 1891, No. 190, on verdict for plaintiff, George Schnur.
Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM,
MITCHELL and HEYDRICK, JJ.

    Trespass to recover damages for death of plaintiff's son, a
boy six years old.

    At the trial, before STOWE, P. J., there was evidence to the
effect that, on the morning of the accident, the mother of the
boy permitted him to go down stairs from their rooms in the
third story to a water closet, and that the child wandered into
the street, and some five minutes after he left his mother was

run over by one of defendant's cable cars.    The father was not at home.    The evidence relating to the alleged negligence of the gripman appears by the opinion of the Supreme Court.

Defendant's request for binding instructions was refused. [3]

Verdict and judgment for plaintiff for $600.    Defendant appealed.

*Error assigned,* inter alia, was (3) instruction, quoting it.

*George C. Wilson,* for appellant, cited, McCully v. Clark, 40 Pa. 399; R. R. v. Ritchie, 102 Pa. 425 ; R. R. v. Yerger, 73 Pa. 121 ; Howard Express Co. v. Wile, 64 Pa. 201 ; Hyatt v. Johnston, 91 Pa. 196 ; Goshorn v. Smith, 92 Pa. 435 ; Beach, Con. Neg. 129.

*W. B. Rodgers, A. K. Stevenson* with him, for appellee, cited, P. A. & M. Pass. Ry. v. Pearson, 72 Pa. 169.

PER CURIAM, January 3, 1893 :

The little boy, whose untimely death resulted from the alleged negligence of the defendant company, was less than six years old.    Hence, contributory negligence cannot be imputed to him.    Nor can it be imputed to his father under the evidence.    The sole question then for determination is, whether the defendant company was guilty of negligence in the manner of running its car at the time the accident occurred.    This is the only question in the case, and the only one raised by the specifications of error.    The learned judge below was asked to direct a verdict for the defendant.    We think this request was properly refused, as there was evidence which could not be withdrawn from the jury.    It may be, as contended by the defendant, that the child ran suddenly under the car, and was not seen by the gripman, but there was evidence on the part of the plaintiff that other persons saw the child when the car was two lengths and a half away.    There was also evidence that the gripman, at the time, was not attending to his business ; that he was standing on the side of the cab with one hand out of the window, and looking towards the houses he was passing, and that he did not have hold of his grip or brake ; that when hallooed to by persons who saw the child, he paid no attention to the warning.    This testimony, if true, and it has been so found by the jury, is of a very damaging character. The running of this class of cars through the crowded streets

of the city is necessarily attended with danger.   In fact, it is difficult to have rapid transportation through a city without an element of danger.   Very much depends upon the care of the gripman.   He should always be on the alert, to avoid danger, and his attention never should be diverted from his duties. He should keep his eye constantly on the track before him. If he is permitted to gaze at houses or other objects while the car is in motion, and an accident occurs by reason of such conduct, the company employing him must expect to be held responsible; and it is suggested for the benefit of such corporations, as well as for the safety of the public, that under no circumstances should any one be allowed to ride in the cab with the gripman.   Such a matter cannot fail to distract his attention from his duties and may be the cause of some serious accident.

Judgment affirmed.

See, also the preceding and following cases and Chilton v. Central Traction Co., 152 Pa. 425.