George Harkins, by his next friend, *v.* The Pittsburg, Allegheny & Manchester Traction Co., Appellant.

*Negligence—Street railways—Infant—Speed of car.*

In an action by a boy two years eleven months old against a street railway company to recover damages for injuries sustained by being struck by an electric car, the case is for the jury, where the evidence tends to show that the car was run at a very high rate of speed in a crowded part of the city, and that the motorman at the time of the accident was looking at persons assembled at the side of the street, and for that reason failed to see the child in time to stop the car: Yingst v. Railway Co., 167 Pa. 438, distinguished.

Argued Nov. 5, 1895. Appeal, No. 125, Oct. T., 1895, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1893, No. 90, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass by a child two years and eleven months old to recover damages for personal injuries sustained by being struck by an electric car. Before STOWE, P. J.

The facts were similar to those in Clyde Harkins v. Pittsburg, Allegheny & Manchester Traction Company, supra. The cases were, however, in different courts, and separately tried. Defendant presented, among others, the following point:

3. That under all the evidence in the case the verdict should be for the defendant. *Answer :* Refused. [2]

Verdict and judgment for plaintiff for $3,150. Defendant appealed.

*Error assigned* was (2) above instruction, quoting it.

*A. M. Neeper*, for appellant.

*Thomas M. Marshall, Jr., Frank P. Sproul* with him, for appellee, relied on Yingst v. Lebanon & Anville Pass. Ry., 167 Pa. 438.

OPINION BY Mr. JUSTICE FELL, January 6, 1896 :

This action was brought by a minor child to recover for in-

juries sustained by being struck by one of the defendant's cars. The facts appearing in evidence are substantially the same as those in Clyde Harkins v. the same defendant, 173 Pa. 146, in which an opinion is filed. The errors alleged are in not withdrawing the case from the jury on the ground that there was no evidence which would sustain a verdict for the plaintiff, and in not specifically instructing the jury that the evidence in relation to the speed of the car was insufficient to sustain a finding that the defendant was negligent in that regard.

As there was testimony that the motorman at the time of the accident was looking at persons assembled at the side of the street and for that reason failed to see the plaintiff in time to stop the car, and as no question of contributory negligence arose, the case could not have been withdrawn from the jury.

It was not error to refuse the instruction asked as to the speed of the car. There was testimony that the car was running very rapidly through a crowded thoroughfare. The instruction on the subject in the general charge was highly favorable to the defendant. In Yingst v. Railway Co., 167 Pa. 438, relied on by the appellee, the injury resulted from the frightening of the plaintiff's horse, and one of the questions raised was whether the railway company was negligent in running its cars at excessive speed, and it was held that there was no evidence of excessive speed. The circumstances of the two cases are not alike, and the degree of care required was not the same. In one case the speed of the car was wholly unimportant except as it contributed to causes which produced an unexpected result, the fright of the horse; in the other the rate of speed was of primary importance as indicating the degree of control which the motorman exercised over the movements of the car in a crowded street, and when in a position demanding a high degree of care.

The judgment is affirmed.