Samuel Funk, by his Father and Next Friend, Harry Funk, Appellant, v. The Electric Traction Company of Philadelphia.

[Marked to be reported.]

*Negligence—Street railways—Infant.*

In an action by a boy thirteen years of age against an electric railway company to recover damages for personal injuries, a nonsuit is properly entered where the evidence for the plaintiff shows that an electric car was running rapidly; that the boy ran diagonally across the street, not at a crossing, but at a place where he could have seen the car if he had looked, and that he continued running until he suddenly ran against the car, or came so close to it that it necessarily ran against him.

Argued March 31, 1896. Appeal, No. 109, Jan. T., 1896, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1894, No. 1085, refusing to take off nonsuit. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Thomas Diehl, John G. Johnson* with him, for appellant.— The evidence shows that the car was run with the utmost carelessness and negligence : Phila. Traction Co. v. Bernheimer, 125 Pa. 615 ; Steiner v. Traction Co., 134 Pa. 201 ; Dunseath v. Traction Co., 161 Pa. 124 ; Iaquinta v. Traction Co., 166 Pa. 63.

The conduct of the appellant was not, in view of his age and the circumstances of the case, such as to preclude a recovery : Chilton v. Traction Co., 152 Pa. 426 ; Flanagan v. Pass. Ry., 163 Pa. 105 ; Schnur v. Traction Co., 153 Pa. 29 ; Penna. R. R. Co. v. Kelly, 31 Pa. 372 ; Kay v. Penna. R. R. Co., 65 Pa. 273 ; Crissey v. Passenger Ry. Co., 75 Pa. 83 ; Ry. Co. v. Gray, 3 W. N. C. 421 ; Ry. Co. v. Steinhart, 2 Penny. 358 ; Taylor v. Canal Co., 113 Pa. 162 ; City v. Downs, 126 Pa. 622 ; Strawbridge v. Bradford, 128 Pa. 200 ; Wilson v. R. R. Co., 132 Pa. 27.

*J. Howard Gendell,* for appellee.—The defendant was not guilty of negligence : Phila. & Read. R. R. v. Spearen, 47 Pa. 300 ; Hestonville etc. Pass. Ry. v. Kelley, 102 Pa. 115 ; Brown v. French, 104 Pa. 604 ; Sekcrak v. Jutte, 153 Pa. 117.

The negligence of the plaintiff caused, or at least contributed to, the accident : Buzby v. Phila. Traction Co., 126 Pa. 559 ; Thomas v. Citizens' Pass. Ry. Co., 132 Pa. 504 : Warner v. People's Street Ry. Co., 141 Pa. 615 ; Carson v. Federal St. etc. Ry. Co., 147 Pa. 219 ; Ehrisman v. East Harrisburg, etc., Ry. Co., 150 Pa. 180 ; Wheelahan v. Phila. Traction Co., 150 Pa. 187 ; Omslaer v. Traction Co., 168 Pa. 519 ; Honor v. Albrighton, 93 Pa. 475 ; Miller v. Penna. R. R., 8 Atl. Rep. 209 ; Moore v. Penna. R. R., 99 Pa. 301 ; Lehigh Coal etc. Co. v. Hayes, 128 Pa. 294 ; Wendell v. R. R., 91 N. Y. 420 ; Tucker v. R. R., 124 N. Y. 308 ; Reynolds v. N. Y. Central R., 58 N. Y. 248 ; Messenger v. Dennie, 137 Mass. 197 ; Masser v. R. R., 68 Iowa, 602 ; Ecliff v. Ry., 64 Mich. 196 ; Ludwig v. Pillsbury, 35 Minn. 256 ; Achtenhagen v. Watertown, 18 Wis. 347 ; Brown v. Ry., 58 Me. 384 ; Twist v. R. R., 4 R. W. & Corp. L. J. 516 ; Shirk v. Ry., 42 N. E. 656.

OPINION BY MR. JUSTICE GREEN, May 25, 1896 :

A compulsory nonsuit having been entered in the court below, there is no testimony on the record except that which was pre-

sented by the plaintiff. The injury was occasioned by a collision of the plaintiff and the defendant's car. None of the testimony locates the plaintiff on the track in front of the car, prior to, or at the time of, the accident, but the whole of it establishes the fact of the collision, the detail of circumstances differing somewhat as it came from the different witnesses. The plaintiff was at that time very nearly thirteen years of age. His account of the accident is very meager and is comprised in a single sentence. "I ran up Morgan street until I got near the corner and I kind of looked down and I never saw the car, and I tried to cross the same as any other boy and I was struck." He added, " I didn't know anything until I woke up in the hospital."

Morgan street runs east and west below Vine street between Ninth and Tenth streets, the car was going down Tenth street, and the boy was going along the south side of Morgan street from Ninth to Tenth. He was going to a grocery store on the west side of Tenth street a few doors from the corner, and he attempted to cross Tenth street in a diagonal direction from the opposite corner, and not at the street crossing. He says he was running up Morgan street as he approached the corner of Tenth. The witness Hobart testified that he saw the boy " running from Morgan street in a diagonal direction, and the car came very fast and struck the boy and knocked him down the street." The same witness said on cross-examination that the boy was struck by the front part of the car, he supposed it was the dasher. The witness Callahan said the boy " came running out of Morgan street when the car was going this way . . . and the first thing I knew I saw the boy going under the car." " Q. And he ran right on without stopping; ran on diagonally across the street towards the southwest? A. Yes, sir. Q. Running pretty fast? A. Yes, sir, he was." The witness McCune said, " I was standing on the corner of Tenth and Morgan and seen the boy coming running out of Morgan street slanting like. I saw a car coming down at a pretty good rate of speed, and the boy got right even with the car, and the car struck him and knocked him down and he went under the front dasher, and he commenced rolling around." The same witness on cross-examination said, " Q. Did you see him actually struck by the car? A. Yes, sir, struck by the. front part of the car.

Q. You saw the car in the act of striking him, did you?
A. Yes, sir, I saw the both of them come together; he goes
down and he commences to roll until he got to 237 and then the
car went over him.    Q. He struck the side of the car?    A. He
struck the pole in the front of the car.    There is a pole that
goes up this way to keep up the roof.    Q. And he struck the
corner of the car?    A. Yes, sir." The witness Stewart said,
"I was standing at my doorstep at 231½ North Tenth street,
and I was looking out the street, and I seen this boy. I do
not know what direction he came from, but he ran catacornered
across the street towards Silcox's grocery store. At that time
a car came down at a rapid rate and struck him and he rolled
three times and then it went over him."

Another witness, Brown, said, "When I saw this young boy
he was coming across from Morgan street kind of catacornered,
and this car was coming down at a pretty good gait, and when
the boy started he ran off towards Silcox's. The boy started to
run across and when I seen him the dasher of the car had struck
him and he was underneath the car, and it turned him over and
over three times." The only other witness who saw the actual
collision, McNamee, said, "The boy was turning out of Morgan
street catacornered and the car struck him on the corner of
the car toward the east."

This was the whole of the testimony as to the actual collision.
It proves affirmatively that the boy was running across the
street, not at the crossing, at the moment he was struck, that
he continued running until he suddenly came in contact with
the car, and that either he struck the car, or was so close to it
that the car struck him. It is not probable that he was on the
track in front of the car as none of the testimony places him
there, but whether he was or not, he could not recover under
all our decisions upon that subject.

The present case is quite similar in its leading facts to Chilton
v. Central Traction Company, 152 Pa. 425. The plaintiff was
a child about five and a half years old who ran suddenly against
the side of a passenger railway car and was injured. PAX-
SON, C. J., delivering the opinion, said, "We have then the case
of a boy who unexpectedly, and without any warning, runs from
the pavement against a moving car passing at the time. The
gripman saw the child plainly on the pavement before he put

on his grip to go ahead fast. The child turned immediately and ran out into the street, and, for anything that appears, before the car could be stopped, the accident occurred." In the case of Railroad v. Spearen, 47 Pa. 300, a child five years of age attempted to cross the track immediately in front of an approaching locomotive and was injured. We held there was no right of recovery, although there was conflicting proof as to whether the whistle was blown. AGNEW, J., said in the opinion, " Upon the undisputed facts, the case is simply one of a little thoughtless child running suddenly to cross before an engine, at a place where the engineer would not expect it, and being knocked down and injured before the engine could be ordinarily stopped. . . . Under these facts it is very clear that being where she had no right to be and darting ahead before the engine had she been an adult of discretion there could be no right of recovery. . . . The act of the child being the immediate cause of her own injury, it is not the remote negligence of the company we must look to but the proximate, that is the conduct of the engineer upon the engine at the time of the injury. Hence the omission to whistle before crossing, or the relatively unsafe distance between the engine and the train before it, cannot determine the case. They did not contribute to the accident, and are no part of the company's neglect of duty to this particular party under the circumstances. The injury was not at the crossing but below it where the plaintiff had no right to be, and where there was no duty upon the engineer to suppose she would be. . . . She suddenly ran upon the track and was struck just as she reached it. No time was left to those upon the engine to guard against the injury. The suddenness, shortness of time and unexpectedness of a child's appearance before the engine made it exceedingly difficult, perhaps impossible to avoid the injury."

So in the case at bar it was not the speed of the car that caused the injury, but the sudden and unexpected act of the plaintiff in running against the car, or immediately in front of the car if such was the fact, that occasioned the accident. There was no opportunity to guard against it and hence no breach of duty in not doing so. The car was in full sight as the plaintiff ran towards it. Every witness examined saw it coming, and if the plaintiff had looked at all he could not have failed to see it.

But he did not and he ran against it utterly oblivious of its presence. Without deciding as matter of law that he was responsible for his own contributory negligence, it is enough to know that he suddenly and unexpectedly ran against the car, or so close to it that it necessarily ran against him, and for that reason cannot recover. In Hestonville Pass. Ry. Co. v. Connell, 88 Pa. 520, we held that while negligence cannot be imputed to a child of the age of six years and nine months, nevertheless it may be assumed that a child old enough to be trusted to run at large has discretion enough to avoid ordinary danger, and that persons who have business on the street may reasonably conclude that they are not to provide against possible damages that may result to such child by his own willful act. In this last case the boy attempted to get on the front platform of a street car while it was in motion and we held that the accident occurred "from the sudden and unanticipated act of the child itself which could neither be foreseen nor guarded against," and we reversed the judgment without a venire on that ground. The same rule was applied to a child between five and six years old, in the case of Balt. & Ohio R. R. Co. v. Schwindling, 101 Pa. 258, where the boy was in a place of danger where he had no right to be, and therefore he had no right of recovery. The case of Schnur v. Citizens Traction Co., 153 Pa. 29, it is argued for the appellant rules this. But the facts there raised a question of disputed testimony whether the boy was not on the track long enough before the car reached him to enable the gripman to see him if he had been attending to his business, and on that dispute the case had to go to the jury. There was evidence that the gripman was looking at the houses on the side of the road and not on the track in front, and also that the child was seen on the track when the car was two lengths and a half away, and although there was contrary testimony it was necessary to submit it all to the jury.

The case of Dominica Iaquinta v. Traction Co., 166 Pa. 63, is also relied upon for the appellant, but in that case also there was a conflict of testimony as to the acts and conduct of the boy, and this required a submission of the testimony to the jury. In the very recent case of Fleishman v. Neversink Mountain R. R. Co., 174 Pa. 281, a child six years old suddenly turned when in the street and ran towards an approaching car and on the

track. We said, "There is no evidence of negligence on the part of the motorman. He could not anticipate the sudden action of the child in attempting to cross the track immediately in front of the car and his failure to do so was not negligence."

Upon a careful review of all the testimony we find that there is no conflict of evidence as to the acts and position of the plaintiff at the time of the accident, and as they make out a clear case of sudden and unexpected movement on the part of the plaintiff which resulted in the injury he cannot recover in this action.

Judgment affirmed.