# Hoffman *v.* Consolidated Traction Company, Appellant.

*Negligence—Street railways—Children in street—Duty of motorman.*

In an action against a street railway company to recover damages for injuries received by a three year old boy, the case is for the jury where there is testimony that the child was struck because the motorman, instead of keeping his eyes on the track before him as the car turned from one street into another was looking in a different direction.

Argued Oct. 31, 1910. Appeal, No. 186, Oct. T., 1910, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1902, No. 190, on verdict for plaintiff in case of Thomas Hoffman by his father and next friend

Frank H. Hoffman v. The Consolidated Traction Company.   Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before FORD, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $9,300 which was afterwards reduced to $5,000 and judgment thereon.   Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*Walter M. Lindsay,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.

*Rody P. Marshall,* with him *Thomas M. Marshall,* for appellee.

PER CURIAM, January 3, 1911:

At the time the plaintiff below was struck by a car of the defendant company he was less than three years old.  It may be, as contended by the appellant, that he darted immediately from the sidewalk against the front of the car, but, according to the testimony of Wierst— whose credibility, notwithstanding his apparently conflicting statements, was for the jury—the child was struck because the motorman, instead of keeping his eyes on the track before him as the car turned from Evergreen avenue to Klopfer street, was looking in another direction—down Evergreen avenue—where some children had gathered around a goat, and the injured child was on his way to these children when the car struck him.  A motorman, while operating his car, must be constantly on the alert to avoid danger and should never allow his attention to be diverted from his duty to keep his eyes on the track before him.  If he neglects his duty and an

accident occurs by reason of such neglect, his employer must expect to be held responsible: Schnur v. Citizens' Traction Co., 153 Pa. 29. As the case was for the jury, the judgment on their verdict is affirmed.