## Mountain, Appellant, *v.* American Window Glass Company.

*Negligence—Master and servant—Place of employment—Evidence—Motion for judgment n o. v.*

1. On a motion by defendant for judgment n. o. v. the testimony should not only be read in the light most advantageous to plaintiff, all conflicts therein being resolved in his favor, but he must be given the benefit of every fact and inference of fact pertaining to the issues involved, which may reasonably be deduced from the evidence.

2. It is reversible error for the trial court to base its conclusion that defendant was entitled to judgment n. o. v. upon testimony introduced by both sides, whether it made for or against plaintiff, and, where there was a conflict in the proofs, to draw inferences against the plaintiff which might have been drawn in his favor.

3. Where a shifting machinist in a glass works is directed by his foreman to go into an enclosure around a dangerous machine to repair it, and in doing so is injured by the fall of a roller of glass, a judgment for the employer n. o. v. is wrongly entered, where the evidence for the plaintiff tends to show that he knew nothing of glass blowing, that he had never seen a roller fall from its holder; that, although such falls were not infrequent, it was questionable whether plaintiff on account of the noise would or should have known that such breaks were apt to occur; that, when he was ordered to go into the enclosure, he said he would wait until the roller came down, whereupon the foreman said, "there is no'

danger; you go in and be ready to fix that machine when it comes down," and that he obeyed and had been standing in the enclosure "a couple of minutes," when the roller fell and injured him.

Argued Oct. 16, 1918.  Appeal, No. 34, Oct. T., 1918, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1915, No. 2019, for defendant n. o. v. in case of Samuel Mountain v. American Window Glass Company.  Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and FOX, JJ.  Reversed.

Trespass to recover damages for personal injuries.  Before CARPENTER, J.

*Error assigned* was in entering judgment for defendant n. o. v.

*Rody P. Marshall,* with him *Meredith R. Marshall,* for appellant, cited Vanormer v. Osborn Machine Co., 255 Pa. 47; Ainsley v. Pgh., Cin., Chi. & St. Louis Ry. Co., 243 Pa. 437; Sage v. Lehigh Valley R. R. Co., 241 Pa. 49; Ranhauser v. York Mfg. Co., 50 Pa. Superior Ct. 506; Counizzarri v. Snyder, 252 Pa. 377.

*M. W. Acheson, Jr.,* of *Sterrett & Acheson,* with him *Franklin T. Nevin,* for appellee, cited: Flaherty v. McClintic-Marshall Construction Co., 243 Pa. 580.

OPINION BY MR. JUSTICE MOSCHZISKER, January 4, 1919:

Samuel Mountain, plaintiff, on October 6, 1914, was employed by the American Window Glass Company, defendant, as a shifting-machinist; he worked under one William Duffner, who had charge of the blowing department of that corporation's plant; some repairs were needed on a certain blowing machine, and, while a large "tube," or "roller," of glass was thereon, Duffner, to whose orders plaintiff was subject, directed the latter to go into the enclosure around this machine, for the purpose of making the needed repairs, when the tube, which

was then at an elevation, should descend; while coming down, the tube broke off from the "pipe" which held it, and plaintiff was severely injured; he sued in trespass, alleging negligence and recovered a verdict; defendant moved for judgment in its favor n. o. v., which was granted; plaintiff then appealed.

On a motion for judgment n. o. v., the testimony should not only be read in the light most advantageous to plaintiff, all conflicts therein being resolved in his favor, but he must be given the benefit of every fact and inference of fact, pertaining to the issues involved, which may reasonably be deduced from the evidence. When the proofs in this case are so viewed, the following facts, in addition to those already stated, might fairly have been found: Samuel Mountain was 34 years of age at the time of the accident; for the preceding six or seven weeks he had been doing the general kind of work upon which he was employed when injured; plaintiff had no knowledge of glass factories except such as had been gained in the employ of defendant, and he "didn't know anything about blowing glass"; he had never before seen a "roller," or "tube," of glass fall from its holder, and, although the breaking of these tubes is not infrequent, defendant's works are so noisy that it is questionable whether one in the position of plaintiff either would or should have known, from his sense of sound alone, that such breaks are apt to occur; immediately before the accident, Duffner, the foreman, directed plaintiff to go into the enclosure around the machine, "wait until it came down" and "be ready to fix it when it came down" (i. e., adjust the pipe which held the tube of glass); before obeying the order, plaintiff said he "was going to wait" until the roller descended, and the foreman answered that "he was in a hurry," adding, "There is no danger; you go in and be ready to fix that machine when it comes down"; Mountain, who previously had entertained the idea that it was dangerous to go into the enclosure before the roller was stationary, accepted the

opinion of the foreman to the contrary, did as directed, and had been standing ready for about "a couple of minutes," when the casualty occurred. On these facts, the case could not properly be taken from the jury.

The learned court below seems to base its conclusion that defendant is entitled to judgment n. o. v. upon testimony introduced by both sides—whether it makes for or against plaintiff; and, in some instances, where there is a conflict in the proofs, to draw inferences against plaintiff which might be drawn in his favor; whereas, in all instances the evidence should be viewed only in the light most favorable to plaintiff.

It is not clear that the danger of the tube of glass breaking was so imminent it was the duty of plaintiff to refuse to obey his employer; nor can it be held that the former, in carrying out the latter's orders, acted in "reckless disregard of danger," as is stated by the court below in its opinion entering the judgment here complained of. These issues, as well as all others in the case, were for the jury; and, since they were found against defendant, it was error to give judgment in its favor.

The assignment of error is sustained, the judgment reversed, and the record remitted to the court below with direction to enter judgment on the verdict for plaintiff.