## Scerca, Appellant, *v.* Philadelphia Transportation Company.

Argued April 13, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Frank J. Eustace, Jr.,* with him *Francis M. Mc-Adams,* for appellant.

*Philip Price,* with him *Bernard J. O'Connell,* for appellee.

OPINION BY MR. JUSTICE JONES, May 21, 1945:

The plaintiff sued to recover damages for personal injuries alleged to have been sustained as a result of the defendant's negilgence. At the conclusion of the plaintiff's case, the learned trial judge entered a compulsory nonsuit which the court in banc subsequently refused to take off. From that action, the plaintiff has appealed and the sole question involved is whether the evidence adduced by the plaintiff warranted a finding that his injuries were due to the defendant's negligence.

No question of contributory negligence is present. The plaintiff received the injuries, for which this suit was brought, from the impact of a collision between a street car (admittedly owned by the defendant and operated by its servant) and a passenger automobile in which the plaintiff was riding as a guest. As was said by this Court in *Cormican v. Menke,* 306 Pa. 156, 162, 159 A. 36, "It is settled in this jurisdiction that the negligence of a driver is not imputed to a passenger: [citing cases]." See also *Richards v. Warner Company et al.,* 311 Pa. 50, 57, 166 A. 496, where the opinion in the *Cormican* case, in relevant regard, was quoted from at length and with approval. The negligence of a passenger, if it exists, is not the negligence of the driver, imputed to the passenger as such, but must be found in the passenger's own conduct in joining with the driver in testing a manifest danger arising out of the driver's operation of the

vehicle when the passenger has ample opportunity to control the situation but sits without protest and permits himself to be driven to his injury. See *Cormican v. Menke,* supra, at pp. 162-163. There is certainly nothing in the present record that would justify a court in holding that the plaintiff was guilty of contributory negligence as a matter of law. Nor does the appellee contend that there was.

We recur, therefore, to the inquiry whether, in the light of the testimony in the case, the learned court below was warranted in saying as a matter of law that the plaintiff had failed to prove the defendant negligent. As the action of the court below was taken on the defendant's motion for a summary judgment on the evidence at the close of the plaintiff's case, we must necessarily accept as true all facts, as well as the reasonable inferences to be drawn therefrom, which are most favorable to the plaintiff: cf. *Mountain v. American Window Glass Company,* 263 Pa. 181, 183, 106 A. 313.

At about 6:15 P. M. on August 31, 1942, when it was daylight and clear, the plaintiff was riding home from work in an automobile owned and driven by one Salvatore Dessi. Dessi had driven the automobile west on Lehigh Avenue in Philadelphia to 33rd Street. There he brought it to a full stop on Lehigh Avenue abreast the houseline on the east side of 33rd Street, intending to turn left and go south on 33rd Street. At the intersection, there are six lanes for traffic on Lehigh Avenue, that is, three each east and west. The first lane, going west, is nearest the north curb of the street and is for traffic intending to continue westward. The second and third lanes are for traffic desiring to turn left on to 33rd Street, such a turn being a permissible and convenient maneuver at that point. Having stopped the automobile in lane two on Lehigh Avenue at the place already indicated, Dessi looked at the traffic light at the intersection and saw that it was not operating. At that time a street

car, which was then "at least", or "more than", one hundred feet away, was coming eastward (the opposite direction to Dessi's travel) on Lehigh Avenue toward the 33rd Street intersection. Dessi held out his hand to indicate his intention to turn left on to 33rd Street and started the automobile from its stopped position. When he had proceeded on the arc of the turn about thirty feet, the left front of the street car struck the right front of Dessi's automobile, driving it backwards about ten feet and causing the injuries to Scerca, the plaintiff.

According to Dessi's testimony, the street car had come on from where he first saw it—"at least one hundred feet away"—with unabated momentum and without stopping at or slowing up for the 33rd Street intersection. The "conductor" (it was a one-man car, i. e., the operator acting as both motorman and conductor) was not looking ahead but was "counting tickets" and did not look up until Dessi blew his horn when the street car was nearly upon him. When the "conductor" did look up for the first time, he at once began to operate the controls, but it was then too late to keep the street car from striking Dessi's automobile and the collision ensued with resultant injury to the plaintiff as already stated.

We are unaware of any arbitrary standard of conduct on the basis whereof it can be said as a matter of law that the defendant's servant was not guilty of negligence in his operation of the street car in the circumstances revealed by the testimony.

The motorman's inattention to his duty was of itself evidence of negligence sufficient to carry the case to the jury. See *Dillon v. Pittsburgh Railways Company,* 324 Pa. 340, 342, 188 A. 106, where the evidence of the defendant company's negligence was the fact that ". . . the motorman was ringing up fares and not looking ahead . . ."; *Wagner v. Philadelphia Rapid Transit Company,* 252 Pa. 354, 360, 97 A. 471, where, because ". . . the mo-

torman could have seen the plaintiff in ample time to prevent the collision if he had been looking ahead of his car and had it under proper control", the case was for the jury on the question of the defendant's negligence; *Evers et al. v. Philadelphia Traction Company,* 176 Pa. 376, 380, 35 A. 140, where the question, "Whether, under the circumstances, the motorman failed to exercise care, was a pure question of fact to be determined by the jury" because there was evidence that shortly before the accident the motorman ". . . had been looking to the west and not in front of him . . ."; *George Harkins, by his next friend, v. The Pittsburg, Allegheny & Manchester Traction Co.,* 173 Pa. 149, 150, 33 A. 1044, where this Court said that, "As there was testimony that the motorman at the time of the accident was looking at persons assembled at the side of the street and for that reason failed to see the plaintiff in time to stop the car, and as no question of contributory negligence arose [the injured plaintiff being a minor of tender years], the case could not have been withdrawn from the jury." See also *Schnur v. Citizens' Traction Co.,* 153 Pa. 29, 25 A. 650, where the inattention to duty by the "gripman" (operator) of a cable car warranted a finding of the defendant's negligence. "It is the duty of a motorman as his car moves forward to keep a constant watch of the cartway and track before him": *Goldberg v. Philadelphia Rapid Transit Co.,* 299 Pa. 79, 83, 149 A. 104.

Moreover, with Dessi's automobile in the intersection and his signal of intention to make a left turn, the street car not having yet entered the intersection, there was a statutory duty on the operator of the street car to "yield the right of way" to the automobile. The Act of May 1, 1929, P. L. 905, Art. X, Sec. 1013, as amended (75 PS § 572), provides in material part as follows: "(b) The driver of a vehicle, street car, or trackless trolley omnibus, approaching but not having entered an intersection, shall yield the right of way to a vehicle within such in-

tersection or turning therein to the left across the line of travel of such first mentioned vehicle, provided the driver of the vehicle turning left has given a plainly visible signal of intention to turn as required in this act."

Under the circumstances here shown, the court could not say as a matter of law that it was impossible in the exercise of ordinary care for the motorman of the street car to have yielded the right of way to the automobile or that his failure so to do did not cause the plaintiff's injury. Whether the street car was actually in the intersection when Dessi first gave his signal and started his left turn or whether the motorman did not yield the right of way for any other justifiable cause were matters for the defendant to establish by testimony and for the jury to pass upon. This is particularly so in view of the necessarily assumed facts that Dessi's automobile had started from a stopped position at the intersection and had proceeded about thirty feet before it was struck by the street car.

Even without the statute, the testimony in this case was sufficient to warrant a finding that the motorman of the street car had carelessly run down the automobile in plain view in broad daylight. And, no one, even if he has the right of way, may do that and be blameless for his failure to exercise ordinary care to avoid injuring another. See *Galliano v. East Penn Electric Co.,* 303 Pa. 498, 502, 154 A. 805. True enough, that case involved a right angle collision at an intersection, but the duty of the motorman in the instant case with respect to the automobile making a permissive turn in the intersection was no less under the facts proven by the plaintiff. To paraphrase a statement in the opinion of *Goldberg v. Philadelphia Rapid Transit Co.,* supra, at p. 83 : If the motorman, under the proven circumstances and conditions obtaining, failed to see the automobile in the intersection and its driver's signal of a left turn, he was negli-

gent, and if he saw the automobile in time to stop and failed to do so, he was equally negligent. No question of contributory negligence being present, the case should not have been withdrawn from the jury.

The judgment of the court below is reversed with a v. f. d. n.