## Zurcher *v.* Pittsburgh Railways Company, Appellant.

Argued September 26, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*D. H. McConnell,* with him *J. R. McNary,* for appellant.

*John Wirtzman,* for appellee.

OPINION BY MR. JUSTICE JONES, November 26, 1945:

The plaintiff recovered a verdict for personal injuries suffered allegedly as a result of the defendant's negligence. Motions for a new trial and for judgment n. o. v. were filed by the defendant, the latter motion being based upon the contention that, on the plaintiff's own showing, he was guilty of contributory negligence as a matter of law. The learned court below denied both motions but conditioned its refusal of a new trial upon the filing by the plaintiff of a remittitur for one-half of the amount of the verdict returned by the jury. A remittitur was duly filed and the judgment for the plaintiff, from which the defendant brings this appeal, was entered accordingly.

The appellant's single assignment of error is limited to the lower court's refusal of the motion for judgment n. o. v. No question is raised with respect to the defendant's negligence or its causal relation to the plaintiff's injuries. Nor is the reasonableness of the verdict, as reduced, disputed. The verdict of the jury having settled all material issues of fact in controversy, unless the plaintiff was guilty of negligence as a matter of law, the judgment entered on the verdict in his favor must stand: see *Altsman v. Kelly,* 336 Pa. 481, 487, 9 A. 2d 423.

In the legal situation which necessarily obtains under procedural circumstances such as are here present, we are required to accept as true all facts and all inferences reasonably deducible therefrom which are favorable to the verdict, having resolved to the same end any conflicts of material fact raised by the evidence of the party opposed to the verdict. See *Delair v. McAdoo,*

324 Pa. 392, 396, 188 A. 181, and cases there cited; cf. also *Scerca v. Philadelphia Transportation Company,* 352 Pa. 152, 154, 42 A. 2d 593. So viewing the evidence in this case, the presently pertinent facts are as follows:

Beacon Street and Murray Avenue in Pittsburgh intersect at right angles, Beacon Street running east and west and Murray Avenue, north and south. The alternate flow of traffic on the two thoroughfares is regulated and controlled by an automatic red and green signal light. On Murray Avenue there is a double track trolley line, the track on the west side of the street being used by south or outbound street cars and the other track by north or inbound cars.

About eight o'clock on the evening of March 2, 1944, it then being dark, the plaintiff was driving his automobile eastwardly on Beacon Street. It was snowing at the time and the streets were slippery from ice. When the plaintiff had reached a point about forty feet from the first rail of the near (outbound) track on Murray Avenue, he looked to his right and saw a street car about two hundred feet away, coming northwardly on the inbound track on Murray Avenue toward the intersection. The light in the traffic signal was showing green for travel on Beacon Street. The plaintiff approached the crossing at a speed of approximately ten miles an hour. When he had reached the first rail of the track nearest him, he reduced the speed of his automobile to two or three miles an hour. The street car was then a hundred to a hundred and twenty-five feet away. While crossing the first track at his reduced rate of speed, he saw that the street car, which was travelling at a speed of from thirty to thirty-five miles an hour, would likely be unable to stop at the intersection notwithstanding that the signal light was set against it. Believing that a collision was inevitable if he proceeded further, the plaintiff "slammed on [his] brakes" but, on account of the icy condition of the street, his automobile skidded into the street car, striking it on its side about the third

or fourth window from the front with resultant injuries to the plaintiff for which he brought the suit here involved.

From the foregoing recital of the facts in this case, as established by the jury's verdict, it is clear that the trial court could not have justifiably held the plaintiff guilty of contributory negligence as a matter of law. Whether he was negligent in fact was of course for the jury to determine from all of the circumstances attending the collision. That question was fully and fairly submitted to the jury in a charge whereof the appellant makes no complaint.

It is of course true, as the appellant argues, that one having the right of way upon a highway is not protected from the consequences of an arbitrary exercise of the right: *Schall v. Penn Transit Co.*, 352 Pa. 129, 132, 42 A. 2d 278. Nor is it of distinguishing significance that that rule, as applied in the *Schall* case, is statutorily imposed by Sec. 1014 (c) of the Vehicle Code of May 1, 1929, P. L. 905, 75 PS §572. The driver of an automobile, having the green light of a traffic signal, may not deliberately and without a thought or care for the safety of others run down another vehicle or a pedestrian visible in the way of his invited course: cf. *Galliano v. East Penn Electric Co.*, 303 Pa. 498, 502-503, 154 A. 805. But that is not this case.

There is nothing in the evidence from which a court could conclusively find as a matter of law that the plaintiff exercised his right of way carelessly. The facts, as concluded by the jury's verdict, show that the plaintiff, having the authorized "go" signal in his favor, approached and entered upon the crossing in a careful manner. No person or other vehicle was in the way of his indicated travel. Traffic at the intersection being regulated by positive signals municipally established and maintained, the plaintiff had a right to assume that traffic on the cross street would obey the red light (there showing) and come to a stop before entering the inter-

section. In *Newman v. Protective Motor Service Co.*, 298 Pa. 509, 512, 148 A. 711, it was said that ". . . in cases where the municipality maintains signals controlling traffic, the signal in the pedestrian's favor, inviting him to cross, warrants his so doing, and he is justified in relying upon the assumption that motor vehicles, warned by the traffic signal set against them, will not disregard it and run him down." The foregoing was quoted with approval in *Villiger v. Yellow Cab Co. of Pittsburgh*, 309 Pa. 213, 215, 163 A. 537. See also *Altsman v. Kelly*, supra.

Whether the plaintiff, being lawfully committed to the crossing, exercised care in his effort to avoid a collision with the oncoming street car was peculiarly a question of fact for the jury to determine. When he sensed that the street car was about to disregard the red light and run through the intersection (which it actually did), the plaintiff was then in a position of peril through no fault of his own. In such circumstances he was not legally compelled to exercise "even an ordinary degree of judgment". Nor was he responsible as a matter of law merely because of his possible errors or mistakes in trying to extricate himself from a position of danger which he had not created: see *Altomari v. Kruger*, 325 Pa. 235, 238-239, 188 A. 828, and the cases there reviewed. Whether the plaintiff was guilty of negligence depended upon the care he exercised *in the circumstances*. Under the perilous and varying conditions, here shown, only a jury may competently apply the required standards of care as determined by it on the basis of the conduct expected of a reasonably prudent person in circumstances such as those which attended the plaintiff prior to the collision.

The judgment of the court below is affirmed.