## DiGiannantonio, Appellant, v. Pittsburgh Railways Company.

28

Argued September 26, 1960.   Before JONES, C. J.,
BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Murray S. Love,* with him *Wirtzman & Sikov,* for
appellants.

*Leo Daniels,* with him *James A. Geltz,* and *Prichard,
Lawler & Geltz,* for appellees.

OPINION BY MR. JUSTICE COHEN, December 1, 1960:
Plaintiffs sued to recover damages for personal in-
juries alleged to have been sustained as a result of the
defendant's negligence.   At the conclusion of plaintiffs'

case, the trial judge entered a compulsory nonsuit which the court en banc subsequently refused to remove. From the judgments entered the plaintiffs have appealed and the sole question involved is whether the evidence adduced by plaintiffs was sufficient to create an issue of fact as to whether their injuries were due to defendant's negligence.

This action arose as a result of a collision which occurred at the intersection of East Carson Street and 26th Street in the City of Pittsburgh. An automobile owned and operated by the husband-plaintiff, in which the wife-plaintiff and child-plaintiff were riding as passengers, while making a left turn from East Carson Street into 26th Street, was struck on the right front side by the defendant's streetcar, which was proceeding in an easterly direction on East Carson Street.

The reasons given by the trial court for the granting of a nonsuit were (a) a conflict between the testimony of the husband-plaintiff and the testimony of the plaintiffs' liability witnesses relating to the issue of defendant's negligence and (b) plaintiffs' failure to meet their burden of proving that the alleged negligence was the proximate cause of the injuries. In reviewing the action of the court below, we accept certain well established principles of law to guide us: (1) the evidence, together with all reasonable inferences therefrom, must be viewed in the light most favorable to plaintiffs; (2) the mere happening of an accident does not constitute evidence of negligence and the burden was on plaintiffs to prove both that the defendant was negligent and that his negligence was the proximate cause of the accident; (3) a compulsory nonsuit should be entered only in a clear case. *Dunmore v. McMillan,* 396 Pa. 472, 152 A. 2d 708 (1959).

Plaintiffs' evidence and the reasonable inferences therefrom, viewed in the most favorable light, indicate

that the husband-plaintiff had his turn signals on and stopped his car a little more than half way into the intersection of 26th Street in order to see if he had a clear path to cross. At that point he had not yet started to make his left turn. When he stopped he noticed a streetcar on the eastbound tracks of East Carson Street at a regular stop a short distance before the intersection. The streetcar, at the time, was discharging some passengers. Seeing the stopped streetcar discharging passengers and not being able to see any other vehicle coming toward him, the husband-plaintiff started into his left turn. After traveling about five feet or part way through the turn in a position approximately between the eastbound streetcar tracks, an automobile operated by a person unknown to either of the parties to this action came rapidly along the right side of the stopped streetcar in an easterly direction. The husband-plaintiff stopped his car to permit the automobile to go by. As he stopped, his daughter screamed and he turned his head to the right and saw the streetcar coming "on top of me." The streetcar then ran into the right side of his car. When asked upon cross-examination why he did not attempt to back up, he replied, "The streetcar was on top of me."

The testimony of three disinterested witnesses confirmed, to a great extent, the plaintiffs' version of the accident. However, on cross-examination two of these witnesses were confronted with signed statements that had been secured for the defendant by an insurance investigator. These written statements, the authenticity of which was conceded, were not definitive and, viewed in the light most favorable to the plaintiffs, could not be said to directly contradict the testimony of the witnesses in respect to the *defendant's negligence.*

The court below correctly stated that where there is a conflict in testimony on a subject as to which the burden of proof is on the plaintiff, the court must not submit evidence which will merely enable a jury to guess at a fact in favor of the party who is bound to prove it. *Roche v. Pennsylvania Railroad Company,* 169 Pa. Superior Ct. 48, 82 A. 2d 332 (1951). We are of the opinion that there was not a significant conflict in the testimony concerning the *defendant's negligence.*

The issue of defendant's negligence appears to turn on whether the defendant's streetcar was moving or was stopped at the time husband-plaintiff commenced his left turn. As we said in *Scerca v. Philadelphia Transportation Company,* 352 Pa. 152, 156-157, 42 A. 2d 593 (1945), ". . . with . . . [plaintiff's] automobile in the intersection and his signal of intention to make a left turn, the street car not having yet entered the intersection, there was a statutory duty on the operator of the street car to 'yield the right of way' to the automobile. Act of May 1, 1929, P.L. 905, Art. X, Sec. 1013, as amended (75 PS §572), provides in material part as follows: '(b) The driver of a vehicle, street car or trackless trolley omnibus, approaching but not having entered an intersection, shall yield the right of way to a vehicle within such intersection and turning therein to the left across the line of travel of such first mentioned vehicle, provided the driver of the vehicle turning left has given a plainly visible signal of intention to turn as required in this act.' "

The plaintiff introduced uncontroverted testimony that he had signaled before making the turn. In addition, there was competent evidence that the streetcar had not entered the intersection before the husband-plaintiff began his left turn.

We do not think the husband-plaintiff's statement that he could not back up because "the streetcar was on top of me" was inconsistent with his prior testi-

mony concerning the accident. A careful examination of the record will substantiate our view. Earlier in his testimony the plaintiff stated that as he started his left turn, the streetcar was stopped while discharging passengers. This statement was reaffirmed under cross-examination. The husband-plaintiff further testified that as he made the turn he was necessarily closer to the right rather than to the left curbstone at 26th Street. This, of course, placed him about ten feet away from the front of the streetcar which had stopped at the intersection. It follows that when he stopped in between the east bound trolley tracks that he could not back up and that the streetcar was, in fact, "right on top of him."

The court below was similarly incorrect when it intimated that the plaintiff had not met the burden of proving that the defendant's alleged negligence was the proximate cause of the injury. We cannot agree that the speeding automobile, which passed the streetcar and caused the plaintiff to make a sudden stop, was a cause or factor which would absolve the defendant from liability if the jury had found it to be negligent. It is the duty of the streetcar motorman to keep a constant lookout ahead and have such control of his streetcar so as to avoid dangers ordinarily incident to its operation. *Hinton v. Pittsburgh Railways Co.*, 359 Pa. 381, 59 A. 2d 151 (1948). It was clearly foreseeable that the husband-plaintiff might have to bring his car to a sharp halt during the turn and the streetcar motorman should have been prepared for this event.

The plaintiffs are clearly not guilty of contributory negligence as a matter of law and any conflicts in their testimony as to this issue are for the jury to resolve. See *Smith v. Flannery*, 383 Pa. 526, 119 A. 2d 224 (1956).

Judgments reversed.

DISSENTING OPINION BY MR. JUSTICE BELL:

I dissent. My reading and interpretation of the evidence differ from the interpretation set forth in the majority opinion. I would affirm the judgment of nonsuit as to Rocco DiGiannantonio.

Mr. Justice BENJAMIN R. JONES joins in this dissenting opinion.